Commonwealth of Pa. *v.* Fitzgerald, Appellant.

Argued March 11, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*John L. DuBois,* for appellant.

*Arthur M. Eastburn,* District Attorney, for appellee.

PER CURIAM, April 15, 1931:

James V. Fitzgerald, the appellant, was charged with having made a felonious assault upon a certain Frank Jivitsch and of having robbed him of $60. The information shows that three persons were charged with having committed felony. Fitzgerald was tried alone, found guilty and sentenced to a period of not less than four years and not more than eight years in the Eastern Penitentiary. What happened to the other two is not properly disclosed. The burden of the appellant's argument is that the sentences imposed were not the same, that the other two participants in the crime, having entered pleas of guilty, one was sentenced from two and a half to five years in the penitentiary; the other to an undetermined sentence to the Huntingdon Reformatory. In order to bring these facts before us, the appellant has included in his record a printed copy of the newspaper report of the case.

We might overrule the assignments of error relating to this part of the case without comment because they are not supported by anything that is properly before us. We may, however, state that there is no law that requires the court to impose a like sentence upon all the participants in a crime. There may be many elements appearing which might move the court to make a difference between criminals who are joined in the same offense. Age, sex, likelihood of reformation, and health may be considered, and no doubt other reasons might appear which would move the court to impose a different sentence upon one defendant than upon another. Subject to the limitations prescribed by statute, the matter is within the discretion of the court.

The other assignment is that the court "did not sufficiently stigmatize the testimony of accomplices." The court stated as follows: "Counsel for the defendant has asked me to give you some further instruction upon the subject of an accomplice, his competency to testify. We say to you that an accomplice is a competent witness and may testify to certain material facts in issue, but you as the jury must judge of the credibility and the weight which is to be given to the testimony of accomplices. You must consider the testimony of the accomplices with great caution, because of the fact they have pleaded guilty to this offense and stand convicted, their testimony may be said to become a source that is rendered and considered corrupt and impure, but we also repeat what we said before, the testimony of an accomplice is receivable and its sufficiency is for you."

The court in its charge told the jury that if they were satisfied with the absolute truthfulness of the testimony of the accomplice, then they could convict upon that testimony without any other, but that it was dangerous to convict upon the uncorroborated testimony of an accomplice, that the evidence of the accomplice must be received with great caution, unless it is corroborated by the evidence of others. These instructions were reiterated. This is giving the defendant all he was entitled to. It is also proper to repeat that the court stated in its opinion that the defendant's conviction did not rest solely upon the uncorroborated testimony of the two accomplices, but that on the contrary, there was abundant corroboration of their testimony by other witnesses called for the Commonwealth, the defendant's own admissions, and the surrounding circumstances.

All the assignments are overruled and the judgment of the lower court is affirmed.