Commonwealth *v.* Johnson, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Carol E. Haltrecht* and *Michael S. Barranco*, Assistant Public Defenders, and *John R. Merrick*, Public Defender, for appellant.

*Timothy H. Knauer*, Assistant District Attorney, and *William H. Lamb*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., June 24, 1975:

On June 12, 1972, Louis Carl Johnson, the appellant herein, and a co-defendant, Robert Marshall, were each found guilty in a jury trial of rape and of pointing a deadly weapon. The appellant's motion for a new trial was granted and this court affirmed that decision. On June 20, 1973, the appellant was again convicted of rape and of pointing a deadly weapon. On this appeal, the appellant argues that the trial judge erred in admitting a prior signed statement of the appellant to prove the locus of the crime. It is also argued that the trial judge erred in considering testimony of the co-defendant Marshall given in the first trial, in determining the sentence to be imposed. We hold that the trial judge did not commit error and, therefore, affirm.

The record of the second trial discloses that Johnson and Marshall were driving south together on Route 41 in Chester County, Pennsylvania, which is contiguous with the State of Delaware, when they came across the stalled automobile of Mrs. Elizabeth Largent. Johnson and Marshall attempted to start Mrs. Largent's car for her, but when they were unable to do so, they offered to give Mrs. Largent and her son, Tobie, a ride to the nearest gas station. A gas station was not their destination, however, for instead, after driving for approximately one-half hour, they drove into a wooded area and raped Mrs. Largent repeatedly. After the rapes occurred, they drove to another wooded area, from which Mrs. Largent managed her escape.

Appellant's first contention is that there was insufficient evidence, independent of his own statement, to establish beyond a reasonable doubt that the crimes occurred in Pennsylvania and, therefore, that there was insufficient evidence to establish jurisdiction. Appellant urges that, like proof of the corpus delicti, the burden is on the Commonwealth to prove jurisdiction beyond a reasonable

doubt, and that a statement of the defendant may not be admitted for the purpose of proving jurisdiction.[1]

It is well settled in Pennsylvania that a defendant's extrajudicial confession is inadmissible until the corpus delicti is established. *Commonwealth v. Stokes*, 225 Pa. Superior Ct. 411, 311 A.2d 714 (1973). This salutary rule is intended to act as a safeguard against convictions where no crime has been committed. *Commonwealth v. Turza*, 340 Pa. 128, 16 A.2d 401 (1940).

The corpus delicti has been defined as proof beyond a reasonable doubt that some injury or loss has occurred in a manner consistent with the commission of a crime by someone. *Commonwealth v. Stokes, supra.* Once the corpus delicti has been established, the danger that someone will be convicted of a non-existent crime is reduced. Therefore, upon proof of the corpus delicti, a defendant's extrajudicial confession is admissible to prove that he committed the crime. *Commonwealth v. Stokes, supra; Commonwealth v. Rhoads*, 225 Pa. Superior Ct. 208, 310 A.2d 406 (1973).

The nature of the safeguard provided by the requirement of the corpus delicti is such that, once criminal activity has been shown, there is no reason to prevent the admission of the extrajudicial statement. The rationale of requiring the corpus delicti to be established before admitting an extrajudicial statement would not be advanced by including the element of jurisdiction, because establishing jurisdiction does not increase the likelihood that a crime has been committed. Thus there is no reason to prevent the introduction of a defendant's extrajudicial statement to prove jurisdiction. *Commonwealth v. Marshall*, 287 Pa. 512, 135 A. 301 (1926); *Commonwealth v. Dolph*, 164 Pa. Superior Ct. 415, 65 A.2d 253 (1949).

---

1. It is unclear from appellant's brief whether he would have us hold that jurisdiction is a formal element of the corpus delicti, or merely that the same rationale applies. For the purpose of this appeal, we will assume that both arguments were made.

In addition, this record contains sufficient independent evidence to establish jurisdiction in this case. Indeed, there was absolutely no evidence to indicate that the crime occurred in Delaware. It is true that Mrs. Largent, the only witness to the crime,[2] was unable to testify absolutely to the fact that the crimes occurred in Pennsylvania, due to the fact that she was unfamiliar with the roads in that area. But it was established that Mrs. Largent's abandoned car was found in Chester County, Pennsylvania, and Mrs. Largent managed her escape when the trio were further from the Delaware border than was her abandoned car. Tobie's escape took place in Pennsylvania. During the drive, between the time when she was raped and the time when she escaped, Mrs. Largent saw a school house which the jury could have found to be the Unionville Schoolhouse, in Chester County, Pennsylvania. Finally, it was established that before they arrived at the wooded area where Mrs. Largent escaped, the automobile was traveling *towards* the Delaware border, not away from it. Under these circumstances there was sufficient evidence in the record for a jury to conclude independently that the crimes occurred in Pennsylvania.

Appellant's second contention concerns the information considered by the judge in imposing a sentence of nine to twenty years. At appellant's first trial, the codefendant Marshall gave testimony tending to indicate that the initial idea to rape Mrs. Largent was appellant's. At the sentencing hearing, the judge confronted appellant with the testimony. Appellant contends that the fact that he received a longer sentence than Marshall indicates that the trial judge considered and believed Marshall's testimony, and that this was error.

---

2. Mrs. Largent's son, Tobie, escaped from the car to a neighboring farmhouse before appellant and Marshall took Mrs. Largent to the place where these alleged rapes occurred.

Initially, it should be noted that a court is not required to impose a like sentence upon all of the participants in a crime. *Commonwealth v. Burton,* 451 Pa. 12, 301 A.2d 675 (1973). And Pennsylvania courts have consistently affirmed the right of a judge to consider information in imposing sentence, that would not necessarily be admissible in determining guilt. *See Commonwealth ex rel. Hendrickson v. Myers,* 393 Pa. 224, 144 A.2d 367 (1958) ; *Holmes' Appeal,* 379 Pa. 599, 109 A.2d 523 (1954), *cert. denied,* 348 U.S. 973 (1955); *Commonwealth v. Johnson,* 348 Pa. 349, 35 A.2d 312 (1944); *Commonwealth v. Petrillo,* 340 Pa. 33, 16 A.2d 50 (1940); *Commonwealth v. Shoemaker,* 226 Pa. Superior Ct. 203, 313 A.2d 342 (1973).

In *Commonwealth v. Shoemaker, supra,* the appellant complained that the judge had considered a presentence report which contained a record of fourteen arrests, but did not state what disposition had been made of the arrests. Though holding that the trial judge had erred in considering such a report, we affirmed the judgment of sentence, emphasizing the discretion available to a trial judge in such circumstances:

"... the sentence imposed on a person convicted of crime lies with one exception (where the conviction is for first degree murder following a trial by jury) within the sole discretion of the trial court, and the sentence imposed will not be reviewed by an appellate court, unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment." 226 Pa. Superior Ct. at 214, 313 A.2d at 348, quoting from *Commonwealth v. Wrona,* 442 Pa. 201, 206, 275 A.2d 78, 80-81 (1971).

Indeed, we noted that the sentence imposed by a trial judge will not be disturbed unless his inferences have been shown to be incorrect. "The critical fact in [cases requiring reversal] was that the record revealed the presence of misinformation. This is not such a case.

Although the sentencing judge should not have inferred that the arrests showed crimes, perhaps nevertheless the inference was correct. It has at least not been shown to have been incorrect." 226 Pa. Superior Ct. at 213, 313 A.2d at 348. Where the defendant is given an opportunity to show that the inferences are mistaken and fails to do so, the sentence must be allowed to stand. In this case the trial judge gave the appellant an opportunity to address himself to Marshall's testimony, and the appellant did so. The trial judge said that he would consider appellant's response in imposing sentence. Under these circumstances we cannot say that the trial judge exceeded his discretion.

The judgment of the lower court is affirmed.

———

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

Although I concur in the Majority's affirmance of appellant's conviction, I would remand for resentencing because of irregularities in the sentencing procedure.

The appellant and his co-defendant were originally tried and found guilty on June 12, 1972. Appellant's motion for a new trial was granted by the court en banc on July 7, 1972. After his second trial ended in appellant's conviction, but prior to sentencing, the trial court examined the transcript of the original trial and at the time of sentencing, confronted the appellant with his co-defendant's testimony to the effect that appellant was the "ring leader" in the crime. Appellant contends that it was an abuse of discretion for the trial court to consider a conviction which had been overturned in determining appellant's sentence.

The United States Supreme Court faced an almost identical issue in *United States v. Tucker,* 404 U.S. 443 (1972). In *Tucker,* the judge sentenced the respondent to 25 years' imprisonment, the maximum permissible under the applicable statute. At the time of sentencing, the

192

judge considered three previous felony convictions. Subsequently, it was determined that two of the respondent's prior convictions were invalid under *Gideon v. Wainwright*, 372 U.S. 335 (1963). The Court upheld the Ninth Circuit's determination that "there was 'a reasonable probability that the defective prior convictions may have led the trial court to impose a heavier prison sentence than it otherwise would have imposed.'" 404 U.S. at 445-446. Similarly, we have held that "[w]here a conviction is set aside because legally invalid, the former proceeding is a nullity and leaves the indictments open and unsatisfied." *Commonwealth v. Davis*, 203 Pa. Superior Ct. 79, 82, 198 A. 2d 649 (1964). See also *Townsend v. Burke*, 334 U.S. 736 (1948).

In the instant case, the judge attempted to use a portion of an otherwise legally invalid trial record in reaching his decision to sentence appellant to a term of nine to twenty years' imprisonment.

Therefore, I would remand for resentencing without consideration of the original proceedings against appellant.

SPAETH, J., joins in this opinion.