368 A.2d 776
COMMONWEALTH of Pennsylvania
v.
Grace Ellen KAMINSKI, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 15, 1976.

Joseph F. Sklarosky, Asst. Public Defender, for appellant.

Thomas J. Glenn, Jr., Asst. Dist. Atty., and Patrick J. Toole, Jr., Dist. Atty., Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from judgments of sentence imposed on appellant Grace Ellen Kaminski following her pleas of guilty to two counts of theft by unlawful taking or

disposition [1] and to one count each of theft by deception,[2] forgery,[3] and bad checks.[4] The offenses occurred over a ten-month period and involved $923.05. Appellant was sentenced to concurrent terms of three to twelve months on the theft charges and three to twenty-three months on the forgery-bad checks charges. For the reasons hereinafter set forth, we affirm.

On this appeal appellant does not challenge the legality of the sentences nor the propriety of the procedure whereby they were imposed. Her sole complaint is that the sentences were too severe under the totality of the circumstances. In support of this claim, she lists the following reasons why the sentences are too severe:

"1) The criminal conduct of the Defendant neither caused nor threatened serious bodily harm.

"2) The Defendant did not contemplate that her conduct would cause or threaten serious harm.

"3) The Defendant made full restitution.

"4) The Defendant was never in trouble before.

"5) The confinement of the Defendant would entail excessive hardship for her two children, Cindy, age 8, and Jackie, age 6, who are dependent on Defendant for their support.

"6) Defendant is currently employed."

We first note that appellant does not claim that the trial court did not *consider* the above factors. Rather, her claim is that, in view of those factors, the sentences are excessive. Secondly, we note that appellant does not

---

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3921 (1973).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3922 (1973).

3. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 4101 (1973).

4. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 4105 (1973).

claim that the sentences exceed the maximum permissible under the law.

■ ■ It is well-settled that the sentence imposed upon a convicted defendant is within the sole discretion of the sentencing judge, whose discretion in sentencing is very broad, *see, e. g., Commonwealth v. Williams,* 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Cox,* 441 Pa. 64, 270 A.2d 207 (1970); *Commonwealth v. Rodriquez,* 229 Pa.Super. 449, 323 A.2d 396 (1974). Additionally, we should not find an abuse of discretion in sentencing, provided that the sentence imposed is within statutory limits, unless the sentence imposed is so manifestly excessive as to inflict too severe a punishment. *E. g., Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Johnson,* 235 Pa.Super. 185, 340 A.2d 515, *allocatur refused,* 235 Pa.Super. *xxvii* (1975).

■ Although we might have imposed different sentences on these facts, we are unable to conclude that the sentences imposed were manifestly excessive. And since our review reveals no abuse of discretion, we will not disturb the sentences which the trial court saw fit to impose.

Judgments of sentence affirmed.

SPAETH, J., files a dissenting opinion, in which HOFFMAN, J., joins.

SPAETH, Judge, dissenting:

Sometime in 1976 [1] appellant pleaded guilty to counts of theft by forgery, theft by bad check, theft by deception, and two counts of theft by unlawful taking or dis-

---

1. As I shall explain more fully later in this opinion, this court has received only a very small portion of the record. In fact, we do not even know when appellant pleaded guilty. It is difficult to understand how an appellate court can be expected to review a decision when it is not supplied enough information even to make a complete statement of facts.

position. On February 9, 1976, she was sentenced to the women's house of detention for a term of 3 to 23 months on the forgery count; 3 to 23 months on the bad checks count; and 3 to 12 months on each of the other theft counts. The court directed that all of the sentences be served concurrently. An appeal was taken to this court, and upon appellant posting $10,000 bail, the lower court granted a supersedeas staying the execution of the judgments of sentence pending disposition of the appeal.

The sole question raised by appellant is whether the sentences imposed were so severe as to be excessive. In support of her contention that the sentences were excessive, appellant offers the following:

1.) The criminal conduct of the Defendant neither caused nor threatened serious bodily harm.

2.) The Defendant did not contemplate that her conduct would cause or threaten serious harm.

3.) The Defendant made full restitution.

4.) The Defendant was never in trouble before.

5.) The confinement of the Defendant would entail excessive hardship for her two children, Cindy, age 8, and Jackie, age 6, who are dependent on Defendant for their support.

6.) Defendant is currently employed.

Brief of appellant at 4.

Appellant does not contend that the sentences exceed the statutory limit.

When a sentence within the statutory limit is attacked as excessive, the standard of appellate review is clear. The sentence will not be overruled or modified unless it is a result of an abuse of discretion on the part of the sentencing judge. *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Green*, 396 Pa. 137, 151 A.2d 241 (1959); *Commonwealth v. Garramone*, 307 Pa. 507, 161 A. 733 (1932); *Commonwealth v. Johnson*, 235 Pa.Super. 185, 340 A.2d 515 (1975); *Common-*

*wealth v. Warner,* 227 Pa.Super. 291, 324 A.2d 361 (1974); *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1972); *Commonwealth v. Pouls,* 198 Pa.Super. 595, 182 A.2d 261 (1962); *Commonwealth v. Downer,* 161 Pa.Super. 339, 53 A.2d 897 (1947).

In order to decide whether the sentence is the result of an abuse of discretion it is necessary to understand the duty imposed on the sentencing judge. This duty has recently been defined by our Supreme Court in *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). There the Court said:

> The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp.1975). At least two factors are crucial to such determination—the particular circumstances of the offense and the character of the defendant. Pa.R.Crim.P. 1403(a)(2) provides that all pre-sentence reports shall include such information. We hold that regardless whether a pre-sentence report is ordered, the sentencing court must at least consider these two factors in its sentencing determination. Failure to give such individualized consideration requires that these sentences be vacated.

> *Id.* at 133, 351 A.2d at 658.

*See also, Commonwealth v. Carmichael,* 468 Pa. 501, 364 A.2d 305 (1976).

It follows from this definition of the duty of the sentencing judge that on review, we may not simply ask whether the sentence is within the statutory limit. In order to decide whether the sentencing judge has considered "the particular circumstances of the offense and the character of the defendant," we must be familiar with and consider those factors ourselves. Thus, our Supreme Court has recently quoted with favor the standard of sentencing review formulated by the ABA Project on

Minimum Standards of Justice, Standards Relating to Appellate Review of Sentencing, § 3.2 (Approved Draft, 1968) in *Commonwealth v. Martin, supra. See also, Commonwealth v. Carmichael, supra.* Section 3.2 states:

The authority of the reviewing court with respect to the sentence should specifically extend to review of:

(i) the excessiveness of the sentence, having regard to the nature of the offense, the character of the offender, and the protection of the public interest; and

(ii) the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based.

It is important to note that this duty of review does not imply that we consider the sentence *de novo.* To the contrary, as all the cases cited *supra,* make plain, we only inquire whether the sentencing judge abused his discretion. This means that considerable deference is due the sentencing judge; no doubt it will be the rare case in which an abuse of discretion appears. The fact remains that neither the sentencing judge, in deciding what sentence to impose, nor we, in reviewing that sentence, can discharge our respective duty without knowing "the particular circumstances of the offense and the character of the defendant."

In the present case it is impossible for us to discharge our duty. The record of the proceedings in the lower court as certified to this court contains only a partial docket, beginning with the sentencing.[2] We know there

2. The order sent to the lower court requesting the record in this case stated:

To the judges of the Court of Common Pleas, Criminal for the County of Luzerne, Greeting: We being willing for certain causes, to be certified of the matter of the appeal of Grace Ellen Kaminski from the Judgment of Sentence imposed Feb. 9, 1976 of your said Court at Nos. 2500–2501–2522–2563–2572–2619 of 1975 wherein Commonwealth of Pennsylvania is Plaintiff and Said Appellant is defendant. Before you or some of you depending, *Do Command You, that the record and proceedings aforesaid, with all things touching the same,* before the

was a hearing on the guilty plea, but we do not know when, or what happened there. We do not know what happened at the sentencing hearing, or what information about appellant and her crimes was given to the sentencing judge. We do not know whether or not there was a pre-sentencing report prepared in this case.[3] The record contains no opinion by the sentencing judge, so we do not know why he imposed the sentence he did.[4]

In short, we cannot review the record because there is no record for us to review. In these circumstances, to affirm the judgments of sentence represents, I submit, an abrogation of our responsibility. I would defer decision until we had a complete record, including an opinion from the sentencing judge.

HOFFMAN, J., joins in this opinion.

Judges of our Superior Court of Pennsylvania; at a Superior Court to be holden in Philadelphia; Forthwith, so full and entire as in your Court before you they remain, you certify and send together with this Writ, that we may further cause to be done thereupon that which of right and according to the laws of the Said Commonwealth ought.

Witness, the Honorable G. Harold Watkins, President Judge of our said Superior Court at Philadelphia; the 17th day of Feb. in the year of our Lord one thousand nine hundred and Seventy-six. (Emphasis added.)

3. Pa.R.Crim.P. 1403, as amended June 28th, 1976, would now require the preparation of a pre-sentence report or the reasons for not having one in a case such as this, where the defendant is a first offender and the possible sentence to be imposed is more than one year. While the amendment to the rule is not directly applicable to the sentence in this case, the case law in existence at the time of sentencing clearly pointed to the preparation of a pre-sentence report as the better practice. *Commonwealth v. Martin, supra.*

4. Rule 1925 of our new Rules of Appellate Procedure (effective July 1, 1976) would seem to require an opinion giving the reasons for the imposition of the sentence.