373 A.2d 459

**COMMONWEALTH of Pennsylvania**

v.

**Leonard E. ANDREWS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.
Decided April 19, 1977.

1

2

Stephen L. Dugas, Ebensburg, for appellant.

James A. Nelson, Assistant District Attorney, and D. Gerard Long, District Attorney, Ebensburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from judgments of sentence imposed on appellant Leonard E. Andrews following his pleas of guilty to three charges of robbery, three charges of aggravated assault and one charge of violating the Controlled Substance, Drug, Device and Cosmetic Act. His sole contention is that his sentences[1] "should be reduced so as to more

---

1. Appellant was sentenced to serve six to twelve years imprisonment on two of the robbery charges, five to ten years imprisonment on the third robbery charge and two of the aggravated assault charges, one

appropriately reflect the totality of the circumstances of the case." Appellant's Brief at 4. We affirm.

■ It is well-settled that the sentence to be imposed upon a convicted defendant is within the sole discretion of the sentencing judge, whose discretion is very broad. *Commonwealth v. Kaminski,* 244 Pa.Super. 388, 368 A.2d 776 (filed December 15, 1976), and cases therein cited. Provided that the sentence imposed is within statutory limits, we should not find an abuse of discretion unless the sentence is so manifestly excessive as to inflict too severe punishment. *E.g., Commonwealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Johnson,* 235 Pa.Super. 185, 340 A.2d 515, *allocatur refused,* 235 Pa.Super. xxvii (1975); *Commonwealth v. Riggins,* 232 Pa.Super. 32, 332 A.2d 521 (1974).

■ While appellant was not the lone perpetrator of the three robberies and aggravated assaults, his sentences were more severe than those imposed on the other individuals involved. A court, however, is not required to impose a like sentence on all participants. *Commonwealth v. Burton,* 451 Pa. 12, 301 A.2d 675 (1973); *Commonwealth v. Johnson,* supra. "The sentencing judges, after considering all the facts related to each defendant, is justified in imposing different sentences." *Commonwealth v. Burton,* supra, 451 Pa. at 15, 301 A.2d at 677 (citation omitted).

■ Here, the lower court, after reviewing the presentence investigation report, imposed sentences within the statutory limits. Although appellant may have shown "remorse and repentance, and a willingness to make amends," we cannot conclude that these sentences are manifestly excessive. The sentences therefore will not be disturbed.

Judgments affirmed.

to three years imprisonment on the third aggravated assault charge, and one year probation on the charge of violating the Controlled Substance, Drug, Device and Cosmetic Act. The sentences on all seven charges are to run concurrently.

4

SPAETH, J., files a dissenting opinion in which HOFF-MAN, J., joins.

SPAETH, Judge, dissenting:

Usually in deciding whether a sentence is manifestly excessive one need consider only the particular circumstances of the defendant and of the offense. If, however, the offense was committed by more than one defendant, it will also be necessary to consider the sentence imposed on one defendant as compared with the sentence imposed on the other defendant, or defendants; for disparity alone may constitute excessiveness when it manifests a failure to consider the particular circumstances of the offense and the particular characteristics of the defendants. ABA Project on Minimum Standards of Justice, Standards Relating to Appellate Review of Sentencing, § 3.2 (Approved Draft, 1968). *Cf. United States v. Wiley*, 278 F.2d 500 (7th Cir. 1960); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976) (necessity of individualized consideration); *Commonwealth v. Kaminski*, 244 Pa.Super. 388, 368 A.2d 776 (filed Dec. 15, 1976) (Dissenting Opinion by SPAETH, J.).

Here, appellant pleaded guilty to three charges of robbery, three charges of aggravated assault, and one charge of violating the Controlled Substance, Drug, Device and Cosmetic Act (attempting to obtain a controlled substance—cough syrup—with a forged prescription). Testimony at the hearing on the guilty plea established the following. On September 6, 1974, appellant and one Gary Shaw entered the Easter Seal Society in Johnstown, Pennsylvania. Appellant held a knife to an employee's throat and demanded money; during the robbery appellant kicked the employee and cut her arm. On September 12, 1974, appellant and one Richard McGowan robbed a cut-rate store. Both men displayed guns. The owner was punched in the mouth by appellant. Later that evening, Shaw and appellant robbed a grocery store. Again, both men had guns. Shaw pointed his gun at

two employees and emptied the cash register. Appellant pointed his gun at the owner, and before leaving, pulled out a knife and cut the telephone wires.[1]

At the sentencing hearing, appellant testified that at the time of the incidents he was on drugs, but that he now had a job. The prosecutor stated that appellant had not previously appeared for sentencing and that a bench warrant had been issued. Appellant claimed that he had been in Detroit at the time, and had never received notice of the sentencing hearing. The Commonwealth claimed that a letter was sent to appellant's home address; however, neither a copy of the letter nor a copy of the warrant appeared "in the file." Appellant has no previous record, other than two shoplifting offenses as a juvenile.

Appellant was sentenced to concurrent sentences of 6–12 years on two of the robbery charges, 5–10 years on the third robbery charge and on two of the assault charges, 1–3 years on the third assault charge, and one year probation on the violation of the Controlled Substance, Drug, Device, and Cosmetic Act. Shaw was sentenced to 4–40 months, and McGowan was sentenced to 6–23 months.

I have noted in other cases that we are unable to review a sentence unless the sentencing judge gives us at least a brief statement of the reasons for the sentence, *Commonwealth v. Riggins*, 232 Pa.Super. 32, 332 A.2d 521 (1974), *allocatur granted*; *Commonwealth v. Smith*, 247 Pa.Super. 36, 371 A.2d 1025 (filed June 14, 1976) (Dissenting Opinion by

---

1. There was some testimony that implied that three men had participated in the September 12 robberies. Detective Rizzo testified at the hearing on the guilty plea that "[O]n the two robberies, Killian and Wiser [those on September 12], there were three subjects, but one stayed in the vehicle on the Easter Seal. There were just two, he and Shaw." N.T. 24.

**6**

SPAETH, J.), as required by the pertinent rules of court.[2] Here, again we have no statement of reasons.[3]

Even without a statement of reasons, we can tell from the record that appellant deserved a severe sentence; it is, however, impossible to tell whether he deserved a sentence so very much more severe than Shaw's sentence: 6–12 years as compared with 4–40 months. Appellant participated in all three of the robberies; Shaw participated in two of them (the first and third). In the first robbery, appellant cut the employee, while Shaw did not. In the third robbery, both appellant and Shaw had guns, and pointed them at persons in the store; Shaw emptied the register, appellant cut the

2. Pa. Superior Court Rule 46 provides:
    Immediately upon taking his appeal, appellant shall serve notice thereof on . . . the judge who entered the order, judgment or decree below . . . . If the appeal relates to any order, judgment or decree for which the reasons do not already appear of record, the judge below shall forthwith file of record a brief statement of the reasons therefor in the form of an opinion which shall be attached to the record and printed. . . .
  Appeal was filed in the present case on March 15, 1976; Rule 46 therefore applies.
  Under the new Rules of Appellate Procedure the requirement is even clearer. Pa.R.A.P. 1925 provides:
    *Opinion in Support of Order.*
    (a) *General rule.* Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, *shall forthwith file of record at least a brief statement,* in the form of an opinion, *of the reasons for the order* or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found. (Emphasis supplied.)
  "Order," as used in the Rules, "[i]ncludes judgment, decision, decree, *sentence* and adjudication." Pa.R.A.P. 102 (emphasis supplied).

3. At sentencing, the judge said: "Yes, we have Gary Shaw, who I think was in the two; four to forty months, and Richard McGowen, apparently was just charged with aggravated assault; six to twenty-three months, and I believe the defendant and the other fellow agreed with him that he sat in the car as a lookout. That's McGowen, is that correct? . . . So there would be a difference in that." N.T. 3–4. *The judge filed the following "opinion:"*
    And now, this 25 day of August, 1976, after full consideration and upon review of the above matter, we find and determine the sentence valid and plea voluntary, the sentence was within the statutory limits and legal, and the court had proper jurisdiction.
    Accordingly the sentence was proper.

telephone wires. These facts suggest a somewhat more severe sentence for appellant than for Shaw. On the other hand, further facts might entirely overcome that suggestion, as for example, evidence that Shaw had a bad criminal record.

Probably nothing has corroded respect for the criminal justice system more than judicial indulgence in unexplained widely disparate sentences. The record should be remanded with instructions to the sentencing judge that he file a statement of reasons for the sentences here in question.

HOFFMAN, J., joins in this opinion.