390 A.2d 1330

**COMMONWEALTH of Pennsylvania**

v.

**Brenda THURMOND, a/k/a Brenda Thurman, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Jeffrey G. Velander, Public Defender, Stroudsburg, for appellant.

Charles P. Eyer, Assistant District Attorney, Stroudsburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was found guilty on two counts of gambling, 18 Pa.C.S. § 5513,[1] and was sentenced to serve three to twenty-three months imprisonment and to pay a fine of $500. On appeal she argues that the sentence was excessive.

---

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 5513 (1973).

■ It is settled that a sentencing judge must state his reasons, for the sentence he chooses. *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Wertz,* 252 Pa.Super. 584, 384 A.2d 933 (1978). Here the lower court filed an opinion, in which it states:

> In this case, the Defendant appeared as a witness on behalf of her brother on the same criminal scene, while her brother did not take the stand. Assuming the jury verdict to be correct, the Defendant was untruthful and evasive in her testimony, both as a witness on behalf of her brother and as a witness on her own behalf. Therefore, the aspect of leniency does not enter into the picture in that no repentance is shown. At no point does the Defendant shoulder up to the responsibility, admit that she was in an illegal situation and ask the Court to aid her in rehabilitating herself. This also negatives any concept of leniency for a first offense, because that is based on the idea that a person may get into a criminal situation and not have the propensity to repeat.

Lower Court Slip Opinion at 3.

It may be that appellant's testimony manifested a lack of repentance, although it would seem at least equally likely that she had lied in a misguided effort to help her brother. However this may be, there is an additional aspect of the case on which we require the court's stated reasoning.

As indicated in the above excerpt from the lower court's opinion, appellant's brother was indicted on the same charges as appellant. He took no appeal after conviction and sentence. The brother was the manager of the diner where the gambling occurred that led to the charges against appellant; appellant, by contrast, was only a part-time employee.[2] Appellant's brother had a record of eight convic-

---

2. These facts are significant because the lower court expressed concern that "[t]he scene of the gambling has been a place of many arrests from assault and battery to a shooting of persons . . . ." Lower Court Slip Opinion at 2.

tions prior to this case; appellant had no prior record. The trial testimony indicates that appellant's brother was the organizer of the gambling activities in which appellant assisted him. In view of these differences between appellant and her brother, it is striking that appellant's brother was sentenced to serve two years *probation*, in contrast to appellant's sentence of three to twenty-three months *imprisonment*.[3]

In order for a trial judge to impose different sentences on co-defendants, he must find differences between the co-defendants to justify the sentences. *Commonwealth v. Fitzgerald*, 101 Pa.Super. 308 (1931). This writer has said: "Probably nothing has corroded respect for the criminal justice system more than judicial indulgence in unexplained widely disparate sentences." *Commonwealth v. Andrews*, 248 Pa.Super. 1, 7, 373 A.2d 459, 462 (1977) (Dissenting Opinion by Spaeth, J.), *allocatur granted.*

The judgment of sentence is vacated, and the case remanded for resentencing.

JACOBS, President Judge, concurs in the result.

PRICE, J., files a concurring statement:

I wish to express my agreement to vacate the sentence and remand based solely upon the court below failing to explain the disparate sentences between appellant and her brother.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

3. The brother's fine was higher than appellant's—$2,000 as against $500—but we cannot see that this difference would persuade anyone that the brother's was the stiffer sentence.