437 A.2d 1010

**COMMONWEALTH of Pennsylvania**

v.

**James Michael BARRETT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed Dec. 4, 1981.

William W. Boyd, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

BROSKY, Judge:

Appellant, James M. Barrett, pleaded guilty to two counts of robbery. On November 15, 1979, he was sentenced to one to four years on the first robbery count and nine months to three years on the second robbery count. The sentences were to be served consecutively. Barrett filed a motion to modify his sentence in light of the fact that two codefendants received lesser sentences through negotiated guilty plea agreements. The motion was denied. This appeal followed. We vacate Barrett's sentence and remand to the trial court for resentencing. *Commonwealth v. Thurmond*, 257 Pa.Super. 464, 390 A.2d 1330 (1978).

Barrett contends that the sentence he received is inconsistent with that received by his codefendants. He further asserts that, that being so, the trial court erred in failing to state, in the record, its reasons for giving inconsistent sentences. We agree.

In *Commonwealth v. Thurmond,* supra, 257 Pa.Super. at 467, 390 A.2d at 1331, we said:

In order for a trial judge to impose different sentences on codefendants, he must find differences between the codefendants to justify the sentences. *Commonwealth v. Fitzgerald*, 101 Pa.Super. 308 (1931). This writer has said: "Probably nothing has corroded respect for the criminal justice system more than judicial indulgence in unexplained widely disparate sentences." *Commonwealth v. Andrews*, 248 Pa.Super. 1, 7, 373 A.2d 459, 462 (1977) (Dissenting Opinion by Spaeth, J.), allocutor granted.

In *Commonwealth v. Andrews*, 480 Pa. 484, 485, 391 A.2d 989, 989 (1978), our Supreme Court stated that the Superior Court's opinion was reversed and the judgments of sentence were "vacated and the record remanded to the trial court for consideration in light of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977)."

In the instant case, the trial court stated its reasons for sentencing, at some length. However, at no point in its statement was there any discussion regarding the disparity in sentences between Barrett and his two codefendants. The trial court's statement discloses its knowledge that Barrett had not cooperated with the police when first questioned. However, this may have resulted from a misguided effort to help his codefendants. *Commonwealth v. Thurmond*, supra., 257 Pa.Super. at 466, 390 A.2d at 1330. The trial court noted also that at the second robbery one of Barrett's codefendants confronted the victim with a gun. While Barrett stood near the victim and the victim felt he may have had a gun, Barrett was shown not to have had a gun and not to have played an actively affirmative role in that robbery. In the other robbery, Barrett acted as a lookout. The court noted Barrett's age, 19, and his education, high school drop out, and that Barrett had come from a strictly disciplined family. The court also concluded that Barrett was probably more "passive, although a fully active participant along with" one of his codefendants. And, then Barrett was sentenced. At no time in the court's formal statement of reasons for sentencing did it explain its reasons for Barrett's comparatively more severe sentence.

The record does, nevertheless, indicate also that the trial court was presented evidence as to what sentences Barrett's codefendants received, that they cooperated with the Commonwealth, and that they agreed to testify against Barrett. The court knew something about the history of Barrett's relationship with his codefendants. And, finally, the court was cognizant of the fact that Barrett's codefendants had entered negotiated guilty pleas. However, the trial court never stated how these facts influenced its decision to sentence Barrett. Thus, we can only speculate as to the court's reasons for sentencing Barrett more severely than his codefendants.

Accordingly, we are obliged to vacate Barrett's judgment of sentence and remand to the trial court for resentencing.