450 A.2d 1021

**COMMONWEALTH of Pennsylvania**

v.

**Harry Lon CRAFT, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 10, 1980.

Filed Sept. 24, 1982.

Thomas M. Kiermaier, Saxonburg, for appellant.

Stephen Toole, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Harry Lon Craft, takes this appeal from his conviction for conspiracy to commit theft by deception. Appellant argues, *inter alia,* that his sentence must be vacated because the written judgment of sentence incorrectly states that appellant was found guilty of conspiracy to commit theft of a motor vehicle, rather than the correct

verdict of conspiracy to commit theft by deception. We find merit in appellant's issue. However, we do not find the error in this case to be such as would warrant the vacating of sentence. Instead, we find the proper remedy to be an order, entered pursuant to Pa.R.App.Pro. 1926, directing that the record be corrected, and we so order.

During the spring of 1977, one Stephen Barker of Crawford County was having mechanical problems with his motorcycle. Barker's friend, Michael Bly, also of Crawford County, approached Barker with the idea of getting rid of the motorcycle and filing a false theft claim with the insurance company, an idea which Barker did not immediately adopt. A short time later, Barker received a telephone call from appellant, who resided in Armstrong County. Appellant asked Barker if the latter wanted to "get rid" of his motorcycle. Appellant offered Barker a couple of hundred dollars for the bike and reminded Barker that he could be collecting the insurance money in addition and so Barker would not be losing out on the deal. As before, Barker merely promised to think the idea over. However, after several discussions with Bly, Barker decided to go ahead with the plan and on May 14, 1977, the two of them made arrangements to drive up to appellant's house at night. When the men reached Kittanning, Bly, who was handling the negotiations with appellant, telephoned the clubhouse of the Outlaw motorcycle gang and asked for appellant. Bly was told that appellant wasn't there but to come by anyway. A short time later, appellant arrived at the clubhouse and he, Bly and Barker went to appellant's house. Bly and Barker decided to spend the night at appellant's house and they parked the motorcycle in the yard. The next day, when the trio awoke, they found that the motorcycle had mysteriously disappeared during the night. Bly and appellant discussed this turn of events and appellant agreed to pay the money he promised.

Approximately one year later, Bly was convicted on several unrelated charges and sentenced to a prison term. Bly decided to admit to the police his involvement in a number

of other criminal acts, including the herewithin conspiracy. Bly testified that it was his desire to "get all this out in the open" and serve his sentences at one time, rather than face the prospect of completing one sentence only to be later convicted on these remaining crimes and to again be separated from his family. Bly and Barker were both convicted for their participation in the conspiracy and both testified against appellant. On the strength of their testimony, appellant was convicted.

Appellant raises two arguments challenging the propriety of his conviction. Appellant first argues that the trial court in Crawford County lacked subject matter jurisdiction because there was no proof of appellant's involvement in the conspiracy in that county. Appellant's second issue is related to his first, contending that the Commonwealth failed to prove that any overt act had occurred in furtherance of the alleged conspiracy. These issues can be resolved together.

Section 903(d)(2)(i) of the Crimes Code provides "no defendant shall be charged with a conspiracy in any county other than one in which he entered into such conspiracy or in which an overt act pursuant to such conspiracy was done by him or by a person with whom he conspired. . . ."[1] In other relevant part, the Code further states: "No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired."[2] Accordingly, it has been held that before a county assumes jurisdiction over an alleged case of criminal conspiracy, some overt act must have occurred within the boundaries of that county; an overt act committed within the jurisdiction by any one of the conspirators is sufficient for that county to assert jurisdiction over all. *Commonwealth v. Thomas,* 410 Pa. 160, 189 A.2d 255 (1963); *Commonwealth v. Creamer,* 236 Pa. Superior Ct. 168, 345 A.2d

1. The Crimes Code, The Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 903(d)(2)(i).

2. The Crimes Code, *supra,* 18 Pa.C.S. § 903(e).

212 (1975); *Commonwealth v. Simeone,* 222 Pa. Superior Ct. 376, 294 A.2d 921 (1972). In the instant case, appellant's two co-conspirators took steps in Crawford County in furtherance of the conspiracy. Specifically, they commenced driving the motorcycle at issue from Barker's house in Crawford County to appellant's house in Armstrong County for the purpose of completing the plan. It is therefore apparent that appellant's challenges to his conviction have no merit.

■ Appellant further argues that the court erred by considering a pre-sentence report which was not made available to counsel until approximately twenty minutes before sentencing. According to the opinion of the lower court, appellant's statement of this issue is factually incorrect. The court notes that the Adult Probation Office submitted the pre-sentencing report for the instant case on December 13, 1978, four months prior to sentencing, yet counsel make no request to review this report. In *Commonwealth v. Phelps,* 450 Pa. 597, 301 A.2d 678 (1973), the Supreme Court adopted as law the American Bar Association's standards requiring, with certain limitations,[3] the disclosure to defense counsel of the contents of a pre-sentence report. However, the *Phelps* Court did not place an affirmative duty on the sentencing court to forward a copy of the pre-sentencing report to defense counsel where no request for the report has been made. The fact that defense counsel failed to seek inspection of the report until the day of sentencing has no bearing upon the availability, *vel non,* of same. We find in the present case that the court satisfied its obligation under *Phelps.*[4]

**3.** The *Phelps* Court allowed that in extraordinary cases, the court would be permitted to except from disclosure sources of information which have been obtained on a promise of confidentiality. *Commonwealth v. Phelps, supra,* 450 Pa. at 605, 301 A.2d at 682.

**4.** Our ruling at this time does not decide the question of how much time must be given to defense counsel to inspect the pre-sentence report. We need not reach this issue at present and we decline to rule on it.

■ Appellant further argues that it was error for the court to impose a harsher sentence on appellant than was imposed on his co-conspirators. Appellant was sentenced to a term of one and one-half to five years in prison, while his co-conspirator, Bly, who pleaded guilty, was sentenced to 6 to 12 months, to be served concurrently with the term he was then serving, and that Barker, who also pleaded guilty, was given 9 months probation in the Accelerated Rehabilitative Disposition program and ordered to pay restitution. In *Commonwealth v. Thurmond,* 257 Pa. Superior Ct. 464, 390 A.2d 1330 (1978), we ruled that a trial judge should give an explanation if he imposes different sentences on co-defendants. In appellant's case, the fact is that although appellant and his friends were co-conspirators, they were not co-defendants. Both of appellant's fellow conspirators pleaded guilty at hearings separate from appellant's jury trial. Furthermore, as was noted by the sentencing judge, appellant's co-conspirators were sentenced by Judge Thomas, not Judge Walker, before whom appellant appeared. Accordingly, based on these facts, we find that *Thurmond* is inapposite to appellant's case.[5]

■ Lastly, appellant argues that his sentence must be vacated because the court considered three arrests which did not result in convictions, a "stale" psychiatric report and inaccurate information. It has been held that a court, in imposing sentence may consider prior arrests and concurrent charges as long as the court realizes that the defendant had not been convicted on those prior charges, *Commonwealth v. Straw,* 238 Pa. Superior Ct. 535, 361 A.2d 427 (1976); *Com-*

---

**5.** Appellant also contends that the sentencing court erred in that the court did not take into consideration the particular circumstances of the offense. The "circumstances" argued by appellant are that the intended victim of the conspiracy suffered no harm and that appellant was a "minor participant" in the plan. These can readily be dismissed for it was only the unforeseen intervention of a third party which prevented the insurance company from being defrauded. As for appellant's role in the conspiracy, the court properly noted that appellant was a very essential part of the conspiracy without whom it could not have existed.

*monwealth v. Tisdale,* 233 Pa. Superior Ct. 77, 334 A.2d 722 (1975). *See also Commonwealth v. Shoemaker,* 226 Pa. Superior Ct. 203, 313 A.2d 342 (1973), *affirmed* 462 Pa. 342, 341 A.2d 111 (1975). In appellant's case, the court noted that the pre-sentencing report showed that at least one of the arrests had been treated as a parole violation and the court properly gave this consideration. As for the two remaining arrests, the court said that it did not give undue weight to these arrests. Furthermore, the court pointed out there were numerous other charges which did result in convictions that would warrant the sentence. As the court said to appellant at the time of sentencing:

> Mr. Craft, you've got a record as long as my arm. Maybe you have been straight for a year or two. Maybe you have and maybe you haven't. But I have to go on a record that's in front of me of consistently criminal behavior since 1968. Ten, eleven, twelve cases, some of which have been withdrawn, some of which have not. I have to go on the fact that you have been tried on probation in this court on at least three occasions and have never made it without violating your parole or probation. You have made this record for yourself since you were seventeen years old. Whether it was through drug abuse, whether it was through alcohol abuse or what it is.

In view of all of the above, we therefore find that the court did not give undue weight to the record of appellant's three arrests.[6]

In the final part of his argument, appellant contends that the court's sentence was based on "inaccurate information" because the court's written judgment of sentence erroneously states that appellant was found guilty of conspiracy to commit theft of a motor vehicle, rather than the correct verdict of guilty of conspiracy to commit theft by

6. Appellant also alleges error in the court's reviewing of a psychiatric report on appellant which was completed two years prior to sentencing. This argument can be summarily dismissed because the court stated that it "gave very little weight to that psychiatric report."

deception. Although we find appellant's position to be factually correct, we conclude that the proper remedy is not to vacate the judgment of sentence, but rather, to enter an order pursuant to Pa.R.App.Pro. 1926 directing that written judgment of sentence be corrected. We wish to point out that the error in appellant's case does not raise problems under double jeopardy clause of the Fifth Amendment to the U.S. Constitution because it is not an error pertaining to the actual term of imprisonment or other sentence directed by the court. *See generally Hill v. United States ex rel. Wampler,* 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1935); *Commonwealth ex rel. Woods v. Howard,* 249 Pa. Superior Ct. 428, 378 A.2d 370 (1977); *Commonwealth v. Green,* 232 Pa. Superior Ct. 555, 335 A.2d 392 (1975); *Commonwealth v. Foster,* 229 Pa. Superior Ct. 269, 324 A.2d 538 (1974). Nonetheless, this is an error which is properly raised on direct appeal and which can be corrected by order of court. Pa.R. App.Pro. 1926 provides, in relevant part:

If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected. . . .

We find Rule 1926 to apply in the instant case.

We therefore enter an order directing the prothonotary or clerk of courts for the court below to amend the record and written judgment of sentence entered in appellant's case so that it reads that appellant was found guilty of conspiracy to commit theft by deception, and to strike from the judgment of sentence and record any statement saying appellant was found guilty of conspiracy to commit theft of a motor vehicle. In all other respects, appellants conviction is affirmed.