J-S50011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HASSAN AUSTIN | |
| Appellant | No. 3751 EDA 2015 |

Appeal from the Judgment of Sentence November 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010116-2014

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.              **FILED OCTOBER 13, 2017**

Appellant, Hassan Austin, appeals from the judgment of sentence entered on November 5, 2015, in the Court of Common Pleas of Philadelphia County. Appellant only challenges the discretionary aspects of his sentence. Finding his standard range sentence presumptively reasonable, we affirm.

Raheed Roten, his girlfriend, Phelicia Lewis, and their five-month-old child lived in an apartment in the Fairmount neighborhood of Philadelphia. The reason violence visited this particular family late on the night of May 26, 2015, remains unclear. But the motivation behind Appellant's and his co-defendant's attack on this particular family is of no consequence; it is their actions that brought all that followed.

The pair attempted to utilize a ploy to gain entry into the apartment. But once that failed, they used force. And once inside, they held the family at

gunpoint; each taking turns holding the handgun. The pair scoured the unit for valuables. Finding little, they informed the couple that if they did not get $2,000 in cash they would kill the baby.

Roten called his mother, asking her to bring $2,000 in cash to his home. Immediately suspecting foul play, Roten's mother called the police. Officers arrived promptly. And one observed Appellant's co-defendant rifling through Roten's pockets and then leading Lewis into another room. The police gained entry into the home and arrested the pair.

Appellant entered an open guilty plea to two counts of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), one count of burglary, 18 Pa.C.S.A. § 3502(a)(1), one count of conspiracy, 18 Pa.C.S.A. § 903, and one count of person not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1). The trial court later sentenced Appellant to an aggregate term of imprisonment of six to fifteen years.[1] Appellant filed a post-sentence motion, which the sentencing court denied. This timely appeal followed.

On appeal, Appellant raises challenges to the discretionary aspects of his sentence. Essentially, he argues the sentencing court imposed an excessive sentence. Curiously, in his appellate brief, Appellant notes that his sentence of 72 months is in "the middle of the standard range of the deadly

---

[1] The sentences of confinement for the convictions break down as follows: six to fifteen years for each robbery conviction, with the second count ordered to run concurrent to the first; and six to fifteen years for the burglary conviction, ordered to run concurrent to the robbery sentence.

weapon used enhancement" to his robbery sentence. Appellant's Brief, at 22.

That is true. And it results in a straightforward disposition of this appeal.

With Appellant's prior record score of four, *see* N.T., Sentencing, 11/5/15, at 4, the offense gravity score of the robbery statute at issue here being ten, *see* 204 Pa. Code § 303.15, and the sentencing court's use of the Deadly Weapon Enhancement/Used Matrix of the sentencing guidelines, *see* 204 Pa. Code § 303.17(b), the standard range sentence is 66 to 78 months. The sentencing court imposed a minimum sentence of 72 months—a sentence, as Appellant concedes, squarely within the standard range of the guidelines.[2]

The standard range of the guidelines "is presumptively where a defendant should be sentenced." *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006) (citation omitted). As the sentence was within the standard range, to succeed on this claim Appellant has to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here. Appellant invaded an apartment, held the occupants at gunpoint, searched the home for valuables, demanded money, and threatened to shoot a baby.

Even putting aside the presumptive reasonableness of the standard range sentence Appellant received and assuming for the purposes of this

---

[2] "Pennsylvania utilizes an indeterminate sentencing scheme with presumptive guidelines which limit the judge's discretion only concerning the minimum sentence." *Commonwealth v. Smith*, 863 A.2d 1172, 1178 (Pa. Super. 2004) (citations omitted).

appeal that Appellant raises substantial questions for our review, an examination of the sentencing transcript reveals his contentions have no merit.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted).

Appellant spends a considerable portion of his brief arguing the sentencing court failed to consider mitigating factors. Curiously, he does this by providing numerous citations to the sentencing transcript to show the mitigating factors were extensively discussed at sentencing. **See** Appellant's Brief, at 20-23. Given this extensive citation to the sentencing transcript, it is not surprising to learn that the record belies his claim.

Indeed, a review of the sentencing transcript indicates that Appellant's counsel exhaustively discussed the mitigating factors, **see** N.T., Sentencing, 11/5/15, at 12-18, and even Appellant himself addressed the court, **see id**., at 18, discussing some of them. There is no question the sentencing court was well aware of the mitigating factors and considered them, explaining "[i]n fashioning its sentence, the [c]ourt has considered the presentence investigation [report] … [and] argument from both counsel…. The [c]ourt has considered defendant's allocution." **Id**., at 19.

Perhaps most importantly in this regard, as the sentencing court had the benefit of a pre-sentence investigation report, we must

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. … Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

Appellant also argues "that the presentation by the Commonwealth about two prior arrests for robbery offenses may have been improperly considered by the court." Appellant's Brief, at 23. "[A] court, in imposing sentence[,] may consider prior arrests and concurrent charges as long as the court realizes that the defendant had not been convicted on those prior charges[.]" *Commonwealth v. Craft*, 450 A.2d 1021, 1024 (Pa. Super. 1982) (citations omitted). The sentencing court had that very knowledge in this case.

Here, the Commonwealth specifically informed the sentencing court that the two prior robbery cases had both been "withdrawn." N.T., Sentencing, 11/5/15, at 5-6. That the Commonwealth informed the sentencing court it had not obtained convictions in these two matters is a fact Appellant acknowledges

in his brief. **See** Appellant's Brief, at 24. Again, this claim has no support in the record.

Lastly, Appellant claims the sentencing court abused its discretion by imposing on his co-defendant a less severe sentence without providing support in the record. The co-defendant pled guilty to the same offenses as Appellant. But the sentencing court sentenced the co-defendant six weeks *after* imposing sentence on Appellant. And the co-defendant received an aggregate sentence of 5½ to 11 years.[3]

"[C]o-defendants are not required to receive identical sentences," but "when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." **Commonwealth v. Mastromarino**, 2 A.3d 581, 589 (Pa. Super. 2010) (citations omitted).

Appellant's contention fails for a couple reasons. First, this claim was never raised in the trial court. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (explaining need to preserve discretionary aspects of sentencing claims in the sentencing court); Pa.R.A.P.

---

[3] There is no information in the certified record about the co-defendant's sentence. The parties and trial court, however, are in agreement as to the length of the sentence imposed.

302(a).[4] Its inclusion in his Rule 1925(b) statement does not act to preserve it. **See Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009) (holding that inclusion of an issue in a Rule 1925(b) statement that has not been previously preserved does not entitle litigant to appellate review of the unpreserved claim). Thus, the claim is waived.

Second, the claim is unreviewable as the certified record is devoid of anything concerning co-defendant's sentencing. **See Commonwealth v. Petroll**, 696 A.2d 817, 836 (Pa. Super. 1997) ("When a claim is dependent on materials not provided in the certified record, that claim is considered waived.") In its Rule 1925(a) opinion, the sentencing court thoughtfully explains its reasoning as to the minor difference in the two sentences. **See** Rule 1925(a) Opinion, 7/19/16, at 6-7. But "[t]his Court does not rely on items *dehors* the record, such as assertions in … a trial court opinion." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) (citation omitted). Accordingly, the claim is waived for this additional reason.

The sentencing court in this case carefully considered the appropriate factors, **see** 42 Pa.C.S.A. § 9721(b), and imposed a sentence firmly in the standard range of the sentencing guidelines. In doing so, the court committed no abuse of discretion.

---

[4] The proper course to have preserved this issue given the date of co-defendant's sentence was to file a petition for remand in this Court to seek redress in the lower court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/13/2017</u>