418 A.2d 753

**COMMONWEALTH of Pennsylvania**

v.

**Richard COWAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed March 7, 1980.

---

Michael L. Stibich, Assistant Public Defender, Ebensburg, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the trial court considered inaccurate information in imposing sentence.[1] For the reasons which follow, we remand for a hearing.

Appellant pleaded guilty to robbery, and the trial court accepted the plea. At the sentencing hearing, appellant objected that the sentencing report contained inaccurate information concerning his criminal record. The report stated that he had been convicted in Virginia in 1973 for larceny of an automobile. Appellant asserted, however, that he had never been convicted of such a crime in Virginia or any other state in 1973. The Commonwealth did not refute appellant's statement. The lower court did not indicate whether it accepted appellant's allegation but did state that it was considering his criminal record in determining sentence. The court sentenced appellant to a term of imprisonment of 2 to 8 years and imposed restitution and costs of prosecution. Subsequently, appellant filed a petition for withdrawal of his guilty plea and reconsideration of sentence. The court denied the petition. This appeal followed.

The record does not indicate whether appellant was convicted in Virginia in 1973 for larceny of an automobile.

1. Appellant also contends that the sentence imposed is excessive. Because of our disposition of this case, we do not reach this issue.

The Commonwealth, which was better situated than appellant to verify the report, has declined to contradict appellant's assertion or provide evidence of the accuracy of the report. In *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), the Supreme Court emphasized that the evidence upon which a sentencing court relies must be accurate. If the court relies on improper considerations or information, the sentence imposed is illegal and new sentencing is required. *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977). Because we do not know whether the trial court relied on inaccurate information, we must remand for a hearing for the purpose of establishing whether the sentence report has accurately set forth the criminal record upon which the trial court relied in imposing sentence. Should the report's indication that appellant was convicted in Virginia in 1973 for larceny of an automobile prove untrue, the court shall vacate judgment of sentence and hold a new sentencing hearing.[2]

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

2. The Commonwealth argues that appellant failed to preserve his objection at the sentencing colloquy. The record, however, shows that appellant specifically objected to the charge in question and denied its truth. He also specifically raised this issue in his petition for reconsideration of sentence.