489 A.2d 906

**COMMONWEALTH of Pennsylvania**

v.

**Keith ALLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1984.

Filed March 8, 1985.

190

Robert G. Kochems, Mercer, for appellant.

James P. Epstein, Assistant District Attorney, Sharon, for Commonwealth, appellee.

Before BROSKY, TAMILIA and ROBERTS, JJ.

TAMILIA, Judge:

Appellant brings this appeal from the judgment of sentence entered February 23, 1983 in the Court of Common Pleas of Mercer County. In a jury trial, appellant was convicted of burglary and simple assault, and sentenced to a term of imprisonment of four years to ten years on the burglary conviction. No sentence on the simple assault conviction was imposed. *See* 18 Pa.C.S.A. § 3502(d). Appellant filed a Motion to Modify the Sentence and Post-Trial Motions which were denied by the lower court.

Appellant challenges the propriety of the sentence imposed. He contends that the sentencing court impermissibly relied on the pre-sentence report because it did not indicate the dispositions of approximately twelve prior arrests allegedly involving appellant. Appellant also contends that his fifth amendment right against the self-incrimination was abridged because he was compelled to answer questions put to him by the sentencing court regarding the dispositions of those arrests. Lastly, appellant contends that the sentence imposed is excessive.[1] We find these contentions meritless, and, therefore, affirm.

**1.** Appellant also contends that the evidence was insufficient for the jury to find him guilty of burglary beyond a reasonable doubt and that the verdict was against the weight of the evidence. After our review of the record, the applicable law, the arguments of the parties, we conclude that the lower court thoroughly analyzed and properly disposed of this issue.

Sentencing was conducted over the course of three separate days.[2] On February 11, 1983, appellant appeared before Judge Fornelli at which time questions arose pertaining to the presentence report indicating twelve prior arrests allegedly involving appellant. Trial counsel and the court engaged in the following colloquy:

MR. KOCHEMS [trial counsel]: ... I would like to point out that we have some problem with the number of arrests shown and as having taken place in Ohio. The incidents are not specific enough and cover an extensive period of time, nor do they reflect dispositions in that we are able to determine whether or not those were all this particular Keith Allen's. He does have some recollection of at least one arrest in Ohio and being on probation therefor....

. . . .

THE COURT: How may of the prior records do you question?

MR. KOCHEMS: All of them except, perhaps, one theft charge, Your Honor.

THE COURT: I'm not going to sentence this man this morning if there is any question on his prior record which weighs very heavily on his sentence I intend to impose on him....

. . . .

... As soon as your attorney has completed to his satisfaction and met with the presentence investigator on this and they have arrived at some understanding then we will set a sentence specially. We won't require that you sit there for another month wondering what is going to happen. (N.T. pp. 3–5)

On February 15, 1983, appellant and trial counsel reappeared before Judge Fornelli at which time trial counsel informed the court that he was unable to corroborate the

2. Appellant was also to be sentenced on a conviction of retail theft in an unrelated case.

arrest record, and that appellant would refuse to answer the court's questions regarding it on fifth amendment grounds. The following colloquy ensued:

THE COURT: Mr. Kochems, as you know at the sentence in this case you had indicated that you had not had an opportunity to fully verify the prior record of the defendant and that there was some question as to the prior record.

I would like to know which, if any, of the prior record data on the P.S.I. is considered to be inaccurate?

MR. KOCHEMS: Your Honor, it is our position, not that we didn't have the opportunity to verify it, but it does not reflect the disposition of the charges in Ohio, except in one instance. It is our position, therefore, under Section 9737 of the 42 Pennsylvania Consolidated Statutes that the record is not admissible and may not be considered by the Court.

. . . .

THE COURT: Well, I suppose the first thing is to ask Mr. Allen.

MR. KOCHEMS: Your Honor, we don't believe Mr. Allen has to cooperate in a pre-sentence report and he has an absolute right to maintain silence at this time because he has post-trial motions pending and that, we think, this goes to some type of jeopardy that he would be placed in by the Court.

After further dialogue between the court and counsel, the court, expressing the belief defendant had the obligation to answer questions regarding prior offenses to the court, continued the proceeding to permit counsel to brief the issue. (N.T. pp. 6-8, 15). Sentencing was reconvened on February 23, 1983, during which the following colloquy ensued:

THE COURT: Mr. Kochems, my thought is to order of record that the Commonwealth will not be permitted for purposes of any retrial of the two cases in which Mr. Allen now stands for sentencing, that the Commonwealth

may not use any of the prior record that appears in the presentence investigation, ....

What is your position concerning this?

MR. KOCHEMS: ... [.] [I]t would seem to us we have a right to stand on a straight noncompliance, or noncooperation in making any kind of statement at all....

Further dialogue ensued in which the court expressed its concern about obtaining accurate information in relation to the sentencing report stating in particular:

We can see there is no disposition on a number of them. But what I want to talk about, Mr. Kochems, is not what is absent there. I want to talk about what is present there.

I want you to tell me if it's incorrect. I want you to tell me, as this man's attorney, why I can't rely on this as an accurate statement as to whether or not he has been arrested twelve times before.

Now if you are indicating the first or the second, or third are inaccurate because they never occurred, fine. If you tell me that the date is wrong, fine. If you tell me that the offense is wrong, fine. If you tell me the place of the arrest is wrong, fine. *Please don't keep telling me there is no disposition, I'm aware of that.* (N.T. pp. 21–31) (emphasis added)

Trial counsel then reiterated his objections, and the court continued:

. . . .

THE COURT: Well, I want him to follow his attorney's advice, that is why you are there.

After he has had the opportunity to consider it and weigh it, if it's his decision and he has his right to have your advice in proceeding .... Further, Mr. Allen, I want you to know I am not, nor do I intend to ask you directly against your wishes whether or not this is your prior record and, furthermore, this Court will not hold you in contempt of Court if it did ask you and you refused to answer.

The only thing this Court is doing is that, if you can enlighten me in some manner why I shouldn't rely on the prior record. I am relying on your prior record, and I want the record to be very clear of that. And I want the record to be clear that you have, on the advice of your counsel, refused in any manner to enlighten this Court as to how, or why, your prior record shouldn't be considered.

. . . .

MR. KOCHEMS: Mr. Allen has informed me that he is willing to go through what he remembers of this record with the Court. (N.T. pp. 40–41)

Trial counsel then proceeded to ask appellant about his previous arrests.[3] Following the colloquy, the court summarized the information supplied by appellant:

3. Trial counsel asked appellant the following:
Q. Mr. Allen, I would like to direct your attention to 5–17 of '74, were it's alleged that there was a possession of stolen property charge in Youngstown, Ohio, with no disposition shown. Do you have any recollection at all of that event?
A. Yes, sir.
Q. What was your recollection of that event?
A. It was a misuse of a credit card. I had a credit card that some guy had gave me, and I had it in my coat pocket and that same night, we was riding around and the police searched everybody in the car and that is when they found the credit card.
Q. Do you recall what, if any, disposition there was to that?
A. You mean what kind of time I did?
Q. Yes.
A. I was housed in city jail before I went to trial, and then I went to trial and they gave me ten days sentence, I think. I'm not sure.
. . . .
Q. Do you have any recollection of the offense on 6–8–74?
A. No, sir.
Q. Do you have any recollection of the event on 9–17–74?
A. Yes, sir.
Q. And what is your recollection of that?
A. It was—it was in—in, ah, Trumbull County, two sweaters.
Q. All right. Do you have any recollection of the offense at 5–28–75?
A. No, sir.
Q. How about 11–11–75?
A. No, sir. Just the petty theft. I don't remember resisting no arrest.
Q. And what was the petty theft involving?
A. I don't clearly remember.

THE COURT: Mr. Allen, I have read your presentence report and in great detail, and as you know, I was the trial Judge on this case .... Your prior record indicates twelve adult arrests. You have indicated to me that you have no recollection completely on three of the twelve arrests. Of the remaining nine, one you do not have a recollection as to what type of items were involved in the theft and on another one, you remember the theft but you don't recall the disposition of it....

The court concluded:

The Court notes that you are twenty-five years of age, and you are a relatively young man, yet involved in the activities that you have indicated that you recall, and that your prior record shows. That is a rather extensive amount of activity which causes this Court some concern.

Your prior records, however, did not involve anything of a magnitude, apparently, of a burglary, and, as you know, the burglary resulted in tragic consequences, as a result of the incident, and the jury found the assault, the assault to be on this young lady, a very beautiful young lady has been grotesquely and permanently scarred for life. The record will indicate and the exhibits show that,

Q. All right. Could that have been the petty theft of 4-2 of '76, or have you no recollection of that event?
A. I can't remember.
Q. How about 9-27 of '76?
A. I can't remember, you know, what type of items it might have been.
Q. Was there an event about that time, that you recall, that involved a petty theft?
A. It might have been. I can't say no, and I can't say yes.
Q. How about of March 24 of '77?
A. Yes.
Q. What was that?
A. I think it occurred down at Strouss's. I don't remember what type of items, or what the sentence was.
Q. How about 10-16- of '79, receiving stolen property charge.
A. I don't remember.
Q. And a retail theft in Hermitage, Pennsylvania?
A. No—oh, I remember a retail theft in Hermitage, yes.
Q. And you paid the fine and costs to Mr. Tamber?
A. Yes, sir.
(N.T. 41–43)

before and after pictures, as a result of this liquid fire pouring onto her face and arms.

I believe that is one reason why the legislature makes burglaries such a serious crime, and one of the five major felonies. It's because of the potential for injury that can result, and that certainly occurred here.

In light of the fact that according to the one of the two dispositions on your prior record shows that you were placed on two years probation in 1979, and that, obviously, didn't work. I do not believe that probation would be called for or would be appropriate here on the burglary charge.

. . . .

Now Mr. Allen, I want you to know that I considered a substantially heavier sentence, but a lot of what Reverand Newby said this morning has made an impression on me. I accept what your attorney pointed out. Reverand Newby does not step forward and speak for everybody. He rarely steps forward and speaks, and when he does, I put great weight on that. (N.T. pp. 46–47)

Sentence of four to ten years of imprisonment was imposed on the burglary conviction. In his motion to modify sentence, appellant alleged that the sentence was "illegal because is was manifestly excessive in length, because it is not specifically tailored to the nature of the offense, the ends of justice and society, and the rehabilitative needs of [appellant]."

We must first determine if the issues raised are preserved for appellate review.

It is settled that issues raised for the first time on appeal will not be addressed by the appellate court. *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983). A "[ ]sentence is properly challenged if the propriety of the sentence is raised either at the sentencing hearing or in a motion to modify sentence[ ]." *Commonwealth v. Tomasso,* 506 Pa. 344, 485 A.2d 395 (1983) citing *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978); *see also Com-*

*monwealth v. Duden,* 326 Pa.Super. 73, 473 A.2d 614 (1984); but compare *Commonwealth v. Warden,* 335 Pa.Super. 315, 484 A.2d 151 (1984).

 Appellant's first contention is that the sentencing judge impermissibly relied on the presentence report since the report failed to indicate the dispositions of the twelve prior arrests allegedly involving appellant. Where the sentence imposed is challenged because the sentencing judge, in imposing sentence, allegedly considered an arrest record which did not disclose the disposition of the cases, the issue must be preserved for review in the sentencing court. *See Commonwealth v. Isabell, supra; Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Shoemaker,* 462 Pa. 342, 341 A.2d 111 (1975). Appellant's first contention was argued at the sentencing hearing, though it was not reasserted in the motion to modify. It is, therefore, preserved for review. *Commonwealth v. Tomasso, supra; Commonwealth v. Duden, supra.* However, appellant's contention is meritless.

 The contents of a pre-sentence report may include references to all arrests, what ever the disposition of the case. *See* 42 Pa.C.S.A. § 9731 et seq.; *Commonwealth v. Knepp,* 307 Pa.Super. 535, 453 A.2d 1016 (1982); *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973), affirmed, 462 Pa. 342, 341 A.2d 111 (1975). "Highly relevant—if not essential—to ... [the judge's] ... selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, reh. denied, 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760, reh. denied, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949); *see also Wasman v. United States,* —— U.S. ——, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). In *Shoemaker,* the defendant contended that his sentence should have been set aside because the pre-sentence report showed that he had been arrested fourteen times, nine of which were after the arrest for the charges on which the defendant was about to be sentenced, but did not state what

dispositions had been made of the arrests. The sentencing judge questioned the defendant about his prior arrest record. The defendant, in turn, supplied information to the court regarding the arrests. This Court held that the sentencing judge could consider prior unadjudicated arrests provided that the arrests were not considered as showing criminal conduct. We found that the sentencing judge improperly regarded the prior arrests as showing criminal conduct, but did not vacate the sentence since it was not excessive. Unlike the sentencing judge in *Shoemaker*, Judge Fornelli exercised sound judgment with respect to appellant's record of prior arrests. He did not treat the prior arrests as convictions or give them undue weight.[4] *See Commonwealth v. Craft*, 304 Pa.Super. 494, 450 A.2d 1021 (1982).

■ Appellant's second contention is that his fifth amendment right against self-incrimination was abridged since he was compelled by the sentencing judge to supply the dispositions to the arrests indicated on the pre-sentence report. This is a clever but circuitous challenge to the lawful sentence based on the sentencing judge's consideration of appellant's answers. As with the first contention, having been raised at the sentencing hearing, it is preserved for review, *Commonwealth v. Tomasso, supra; Common-*

---

**4.** We note that a court, in imposing sentence, may consider prior arrests as long as the court recognizes that the defendant had not been convicted of the prior charges. *Commonwealth v. Craft*, 304 Pa.Super. 494, 450 A.2d 1021 (1982); *see also Commonwealth v. Bryant*, 312 Pa.Super. 379, 458 A.2d 1010 (1983); *Commonwealth v. Straw*, 238 Pa.Super. 535, 361 A.2d 427 (1976); *Commonwealth v. Shoemaker, supra*. Compare, *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983), *Commonwealth v. Vernille*, 275 Pa.Super. 263, 418 A.2d 713 (1980) (it was not improper for sentencing judge to consider defendant's criminal activity for which he was not tried, charged or convicted as a showing of character). This is because the sentencing judge must neither ignore the presumption of innocence nor regard defendant's prior arrest record as showing criminal conduct. *Commonwealth v. Knepp, supra; Commonwealth v. Shoemaker, supra*. The concern is that that the sentencing judge will conclude that defendant is guilty of those crimes and will impose a penalty more harsh than he otherwise would have imposed.

*wealth v. Duden, supra,* and as with the first, it is without merit.

■ Our review of the sentencing hearing shows that appellant waived any fifth amendment right against self-incrimination since he supplied information to the sentencing judge about the disposition of his prior arrests after conferring with his attorney. Appellant did so in the absence of judicial threat of contempt or threat of imposition of a harsher sentence for failing to cooperate. If appellant chose to have said nothing about his prior arrests, denied all of them, or stated he did not remember them, the sentencing judge would have been constrained to accept, when imposing sentence, that appellant had not been convicted on any of the charges. *Commonwealth v. Craft, supra.* As it was, appellant clarified his prior arrest record when given the opportunity to explain it, and the sentencing judge was more or less bound by appellant's answers that he, appellant, was convicted on three of the charges and could not recollect, in varying degrees, most of the others. We think individualized sentencing makes it imperative that a sentencing judge not be deprived of an opportunity to obtain pertinent information. Likewise, we think it important that a defendant or his counsel take advantage of the opportunity to clarify a prior arrest record, as well as other aspects of the pre-sentence report if need be. Also, if the sentencing judge had remained silent concerning the reported prior offenses, an inference could be raised that he was influenced by them improperly.

■ We note further that "the privilege against self-incrimination in its pure form has no direct application to a determination of the proper sentence to be imposed." *Commonwealth v. Travaglia,* 502 Pa. 474, 499, 467 A.2d 288, 300 (1983) cert. denied, *Travaglia v. Pennsylvania,* —— U.S. ——, 104 S.Ct. 3547, 82 L.Ed.2d 850. This is because the "'sentencing phase' of the trial has a different purpose than the 'guilt phase' and different principles may be applicable." *Id.; see also Commonwealth v. Burton,* 451 Pa. 12, 301 A.2d 675 (1973). Since appellant had been found

guilty beyond a reasonable doubt of burglary and simple assault without any infringement on his right against self-incrimination, he cannot complain. However, we are mindful that a defendant's fifth amendment right may be burdened indirectly where he is compelled to divulge information about his prior arrest record that could incriminate him for crimes for which he had neither been charged nor convicted. This concern is not presented here. Appellant voluntarily offered information regarding his prior arrest record. In addition, the sentencing judge, aware of the constitutional dimension, granted appellant immunity from the Commonwealth's use of appellant's answers in the event of retrial. Moreover, the statements made by appellant did not disclose facts which would in themselves establish guilt or constitute an essential link in the chain of evidence by which guilt can be established. *See Commonwealth v. Allen*, 501 Pa. 525, 462 A.2d 624 (1983); *Commonwealth v. Hunter*, 321 Pa.Super. 333, 468 A.2d 505 (1983).

 Lastly, appellant contends that the sentence is manifestly excessive.[5] Recently in *Commonwealth v. Martin*, 328 Pa.Super. 498, 501, 477 A.2d 555, 557 (1984) we stated:

This court has held that the trial judge has broad discretion in imposing sentence. *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 416 A.2d 1031 (1979); *Commonwealth v. Johnson*, 235 Pa.Super. 185, 340 A.2d 515

5. This issue was raised in the motion to modify and is preserved for review. We note that appellant does not allege that the sentence is excessive because the sentencing judge gave improper consideration to his arrest record. *See Commonwealth v. Bryant, supra; Commonwealth v. Craft, supra; Commonwealth v. Knepp, supra; Commonwealth v. Shoemaker, supra.* Nor does he allege that the sentencing judge relied in whole or in part upon impermissible consideration or misinformation. *Commonwealth v. Stufflet*, 322 Pa.Super. 176, 469 A.2d 240 (1983); *Commonwealth v. Cruz, supra; Commonwealth v. Shoemaker, supra; see also Commonwealth v. Russo*, 297 Pa.Super. 424, 444 A.2d 105 (1982); *Commonwealth v. Cowan*, 275 Pa.Super. 341, 418 A.2d 753 (1980). Nor is this a case where a defendant's non-cooperation is considered as a reliable indicium of his rehabilitative disposition sanctioning the imposition of a harsher sentence. *See United States v. Roberts*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980).

(1975). If the sentence imposed is within statutory limits, there is no abuse of discretion, unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Garrison*, 292 Pa.Super. 326, 437 A.2d 407 (1981); *Commonwealth v. Shoemaker*, 226 Pa.Super. 203, 313 A.2d 342 (1973). Absent an abuse of discretion, a sentence imposed by the trial court will not be disturbed on appeal. *Commonwealth v. Gillespie*, 290 Pa.Super. 336, 434 A.2d 781 (1981); *Commonwealth v. Campolei*, 284 Pa.Super. 291, 425 A.2d 818 (1981); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980).

In imposing sentence, the sentencing court must consider the particular circumstances of the offense and the character of the defendant in reaching its determination. *Commonwealth v. Griffin*, 279 Pa.Super. 264, 420 A.2d 1134 (1980); *Commonwealth v. Goldbard*, 276 Pa.Super. 193, 419 A.2d 161 (1980).

The sentence imposed was within the statutory limitation and is not so manifestly excessive as to inflict too severe a punishment. *Commonwealth v. Knepp, supra.* Appellant could have received a maximum sentence of up to twenty years imprisonment but instead received a sentence of four to ten years. As the record shows, the sentencing judge made a conscientious effort to sentence properly. He articulated his reasons on the record for the sentence imposed, and discussed the factors he considered in reaching the determination. After reviewing both the sentence itself and the process by which the court reached it, we conclude that the sentence was not excessive. *Commonwealth v. Palmer*, 315 Pa.Super. 601, 462 A.2d 755 (1983).

Judgment of sentence affirmed.

BROSKY, J., concurs with statement.

ROBERTS, J., concurs in the result.

BROSKY, Judge, concurring:

Although I agree with the result reached in the lead opinion, I cannot agree that *Commonwealth v. Tomasso,* 506 Pa. 344, 485 A.2d 395 (1984), holds that sentencing issues are preserved if they are raised either at the sentencing hearing *or* in a motion to modify sentence. In *Tomasso,* the Supreme Court found that three sentencing issues which a majority of a panel of this court did not consider on the grounds of waiver in *Commonwealth v. Tomasso,* 311 Pa.Super. 103, 457 A.2d 514 (1983) had been sufficiently presented to the sentencing judge. The *Tomasso* court, however, does not clearly explain the basis for its finding.

Of the three issues found waived by the Superior Court, the first had not been raised in a motion to modify sentence; *the second had not been raised at the sentencing hearing or in a motion to modify;* and the third was raised only at the sentencing hearing. The Supreme Court does not expressly explain on what basis it finds that all of these issues were preserved for review.

The *Tomasso* court cites only the case of *Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978) which was an appeal from a sentence imposed before Pa.R.Crim.P. 1410 (requiring motions to modify) was even in effect. A conclusion that *Tomasso* stands for the proposition that a sentencing issue can be preserved by raising it either at sentencing or in a Rule 1410 motion does not explain why the Supreme Court in *Tomasso* considered preserved an issue which was raised on neither occasion.

Given the ambiguity of *Tomasso,* I must conclude that the case of *Commonwealth v. Warden,* 335 Pa.Super. 315, 484 A.2d 151 (1984) still accurately states the law regarding preservation of sentencing issues. Specifically, *Warden* requires that all sentencing issues (except, of course, those involving a claim of an illegal sentence) must be raised in a motion to modify sentence.[1] Since, instantly, appellant's

---

1. *Warden* also requires that certain sentencing issues also be raised at the sentencing hearing as well as in a Rule 1410 motion.

first and second issues were not raised in a Rule 1410 motion, I would find that they have been waived.