494 A.2d 461

COMMONWEALTH of Pennsylvania

v.

William Donald REIDER, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 21, 1985.

Filed June 7, 1985.

Petition for Allowance of Appeal Denied Dec. 10, 1985.

272

William D. Reider, appellant, in propria persona.

Katherene E. Holtzinger-Conner, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Dauphin County summarily denying appellant's, William Donald Reider's, fourth Post-Conviction Hearing Act petition. 19 P.S. § 1180-1 *et seq.*, as amended 42 Pa.C.S.A. §§ 9541–9551. We affirm.

As seems to be the case with most multiple PCHA petitions, the result we reach requires a sifting through a maze of petitions and unsuccessful appeals peppered with claims of ineffectiveness. The present case is no exception.

Our analysis begins with appellant's plea of guilty to rape, indecent assault and involuntary deviate sexual intercourse on March 14, 1978, in Dauphin County. On May 8, a sentence of 8–20 years imprisonment was imposed. No appeal was taken. Rather, on June 6, appellant filed a *pro se* PCHA petition. Counsel from the public defender's office was appointed and submitted an "Application For Reconsideration of Sentence" on June 7 claiming, in part, that:

2. On May 8, 1978, after review of a pre-sentence investigation report which had been requested by Cumberland County authorities when Petitioner faced similar charges

in that county, Petitioner was sentenced [in Dauphin County] ... to a term of imprisonment of not less than eight (8) nor more than twenty (20) years....

3. ... the pre-sentence report prepared at the direction of Cumberland County contained misinformation which was detrimental to him, and that a separate report should have been prepared for use in Dauphin County.

In response, the Commonwealth noted that appellant had "fail[ed] to allege what misinformation appeared in the Cumberland County Pre-Sentence report", and sought to have the application denied. The PCHA court did deny the relief requested by order dated June 12.

Undeterred, counsel from the public defender's office filed an amended PCHA petition seeking, this time, to have the plea withdrawn. The claims related to prior counsel's "assur[ances]" to appellant that "he would receive the same sentence from th[e Dauphin] Court as he had received in Cumberland County ... [and] that his attorney did not exercise his right to discovery under Pennsylvania Rule of Criminal Procedure 305 and that, had he done so, certain pre-trial motions could have been filed." The June 29 amended PCHA petition was denied on July 24.

On August 21, 1978, appellant filed an appeal from the dismissal of his second PCHA petition. Thereafter, on November 9, 1978, appellant sought the appointment of private counsel to aid in his appeal since a conflict of interest with counsel from the public defender's office was alleged. The court complied. The end result was a remand by Superior Court directing that:

The lower court shall appoint counsel to represent appellant, and shall conduct a hearing at which the court shall consider: first, the allegations in appellant's first petition that guilty plea counsel was ineffective; and second, the allegations in appellant's second petition, as it may be amended, that guilty plea counsel was ineffective, to the extent that the court determines that appellant's failure to include these allegations in his first petition is attributable to the ineffectiveness of appointed counsel who represented appellant on his first petition.

*Commonwealth v. Reider,* 267 Pa.Super. 359, 366, 406 A.2d 1081, 1085 (1979) (Footnote omitted).

Pursuant to *Reider,* the lower court appointed private counsel and ordered that an evidentiary hearing be held to review "the ineffectiveness of trial counsel in all respects as asserted by Reider in both his PCHA petitions." *See* Memorandum and Order of Judge Lipsitt dated September 5, 1979, at page 2. Toward that end, appellant and his guilty plea counsel gave testimony.

During the course of guilty plea counsel's testimony, he recalled receiving a letter from appellant, after sentence had been imposed, dated May 19, 1978, and marked Commonwealth's Exhibit No. 3. A portion of the letter was read into the record and revealed the following concerns of appellant regarding the sentence; to-wit:

"Dear Mr. Goldstein, after reading my pre-sentence investigation, I now realize why I got eight to twenty years. There were a couple lies [sic] and anything that would have been in my favor was held out of the pre-sentence altogether."

Guilty plea counsel noted that he "responded to that letter." However, we have no insight as to what was communicated to appellant regarding the allegedly "couple lies" in the presentence report. Further on in his testimony, guilty plea counsel admitted that he first learned of appellant's prior criminal record "during the Cumberland County trial", which took place prior to the Dauphin County proceedings. Guilty plea counsel was quick to point out, however, that "[t]hey were minor offenses regarding check cashing ... problems in Ohio ...." So, except for the Ohio charges, the only record Mr. Reider had, at least as far as guilty plea counsel knew, related to the sex offenses brought in Cumberland and Dauphin Counties.

The thrust of the PCHA hearing dealt with claims of guilty plea counsel's ineffectiveness, all of which were asserted in hopes of invalidating the Dauphin County plea. Thus, it was in this context that mention was made of the

presentence report. From our review of the record, the accuracy of the report was discussed purely to reconstruct what transpired after the entry of the plea, and *not as a basis for assailing guilty plea counsel's stewardship.* This fact is borne out by the content of the PCHA court's opinion denying appellant's contentions, i.e., no reference is made to the correctness of the presentence report in responding to each of appellant's allegations seeking to have counsel labelled ineffective and his plea invalidated. This is consistent with appellant's efforts to have the plea, and not the sentence, revoked under the guise of ineffectiveness.

Following the denial of appellant's PCHA petition, counsel filed an appeal. During the pendency of the appeal, appellant submitted another *pro se* PCHA petition contending that "false information was contained in [his] pre-sentence investigation ... which lead the Honorable ... William W. Lipsitt to misinterpret the said information." The petition was denied as "premature", and, as an aside, the court remarked that the same issue had been raised in appellant's application for reconsideration of sentence. In both instances the court observed that the petitioner failed to allege what misinformation appeared in the presentence investigation.

Even after this Court affirmed the lower court's order, *see Commonwealth v. Reider,* 306 Pa.Super. 629, 452 A.2d 66 (1982), appellant filed his fourth *pro se* PCHA petition attacking the competency of all of his prior attorneys. He states it as follows:

Bruce D. Foreman, the defendant's Court-appointed counsel in the defendant's second PCHA Petition, was ineffective for failing to raise the defendant's allegation that Mr. Goldstein [—guilty plea and sentencing counsel] failed to move that information in the pre-sentence report was in error. Mr. Foreman further was ineffective for failing to raise the issue that Ms. Zilli [—1st PCHA counsel] was ineffective for not properly investigating the same. And finally, Mr. Foreman failed to raise the same in the defendant's appeal to the Superior Court of Pennsylvania and/or the Supreme Court of Pennsylvania. Al-

though it might be stated that since Mr. Foreman failed to raise the same in the lower Court, he did not have jurisdiction to raise the issue in the Superior Court; but in light of the fact that the defendant did raise the issue in his PCHA Petition, counsel's responsibility was to develop and investigate the issue, therefore Mr. Foreman must be held as ineffective for not raising the issue that the pre-sentence report contained false and/or misleading information.

\* \* \* \* \* \*

The defendant will point out, and show, in this petition, what false or misleading information was contained in the defendant's presentence investigation report.

\* \* \* \* \* \*

Concerning the false or misleading information in the presentence investigation, the defendant would refer this [PCHA] Court to Exhibit G attached hereto (Transcript of Sentencing Proceedings, dated May 8, 1978, 7 pages). On page 3 of this exhibit (G), lines 15 and 16, the Honorable Judge states: "Do you know that he [appellant] has a rather extensive record which does involve sexual overtones?" After the defendant informed his Counsel (Mr. Goldstein) that he had no prior sexual charges or convictions, other then [sic] that presently in Cumberland County, and counsel referring the same information to the Court, the Honorable Judge then stated (lines 22 thru 24): "Perhaps that is it. The presentence was taken from Cumberland County. I thought that I saw something differently here." Then the Court states (page 3, line 30, and page 4, lines 1 thru 5): "I have in my notes, and I don't know—I just know that he had eight arrests and seven convictions. Now, I notice that this is on the report again. I don't know whether this includes everything in Cumberland County and Dauphin County. That's what I have in my report, that he has eight arrests and seven convictions."

\* \* \* \* \* \*

\* \* \* The defendant submits that he has only one prior conviction which was in the State of Ohio (insufficient

check charge) which did not include any sexual overtones. Since the defendant has never seen the exact presentence report that th[e] Court used in the defendant's case, the defendant ... refer[s] to a ... copy of the presentence report from Cumberland County, since Dauphin County's report was derived from the same. Attached is Cumberland County's presentence report marked Exhibit H (6 pages).

\* \* \* \* \* \*

The defendant submits that with the above, the presentence investigation report as written prejudiced the defendant, and that the information that the Honorable Judge Lipsitt had, stated that the defendant had eight prior arrests and seven prior convictions, all of which had sexual overtones, when infact [sic] the defendant had no prior sexual charges, had a detrimental effect in the outcome of the defendant's sentence.

\* \* \* \* \* \*

With all of the above, the defendant submits that he should be resentenced without the use of false or misleading information.

Without the appointment of counsel, the PCHA court, by opinion and order dated September 7, 1983, denied appellant's petition. In doing so, the PCHA court conceded "us[ing] the presentence report prepared in Cumberland County." Thereafter, an appeal was perfected.

 Counsel for appellant challenges the competency of his predecessors in failing to question the purportedly inaccurate presentence report.[1] He seeks a remand for either re-sentencing or an evidentiary hearing on appellant's PCHA petition.

At first blush, it may appear that appellant's Dauphin County sentence was the product of impermissibly tainted information. In fact, if nothing more appeared of record

1. This being the first occasion appellant is represented by counsel other than counsel whose stewardship is being assailed, the matter is properly before us for review. *See Commonwealth v. Smallwood*, 497

other than what has been recounted to this stage of the opinion, we would be inclined to grant appellant the relief he seeks and remand for resentencing on the strength of those cases he cites to us, e.g., *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *Commonwealth v. Maxwell*, 280 Pa.Super. 235, 421 A.2d 699, 703 (1980) and *Commonwealth v. Cowan*, 275 Pa.Super. 341, 418 A.2d 753 (1980). However, a close reading of the cases cited, in conjunction with the facts at bar, leads us to a different conclusion.

For example, a reading of *Townsend*, *Maxwell* and *Cowan* reveals that all make mention of the impropriety of sentencing an accused on the basis of "untrue" or "inaccurate" information. What appellant neglects to point out, and what we find to be pivotal, is the fact that in each of the three cases the element of "reliance" by the sentencing court as to the untrue or inaccurate information was required as a precondition to remanding for resentencing. Our Supreme Court has stated it thusly:

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

Pa. 476, 442 A.2d 222 (1982). Further, any prejudice appellant may have suffered by having his PCHA petition dismissed without the prior appointment of counsel has been remedied by. the assignment of appellate counsel to assist him in his appeal. It requires mentioning that nowhere does appellate counsel complain of her inability to examine the entire record relating to appellant's case, nor does she ask for a remand to allow her ample time to file a proper appeal embracing all relevant claims associated with her client's case.

Rather, from a review of the brief filed by appellant's counsel, we perceive no shortcomings or hastiness in the preparation of the brief. Accordingly, this lends support to our review of the appeal without the need for a remand. *See Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983).

*Commonwealth v. Bethea*, 474 Pa. 571, 580, 379 A.2d 102, 106–107 (1977).

In accordance with *Bethea's* standard directing us to "review all of the judge's comments", we have examined the sentencing transcript, *as well as the opinion of the most recent PCHA court*, to ascertain if the judge, who in this instance happens to have presided over both proceedings, relied upon misinformation.

■ No one disputes the reference by the sentencing court to appellant's multiple arrests (8) and convictions (7). However, of importance here is the fact that such criminal activity, be they true or fabricated, had no impact upon the ultimate sentence imposed. To illustrate, at the time set for sentencing, the court noted that as to the Dauphin County offenses (rape, involuntary deviate sexual intercourse and indecent assault),

> The serious part of this case was that [appellant] forced these acts by the use of a gun. I don't know which was worse the rape or the involuntary deviate sexual intercourse. Both acts were both just repulsive that I don't see how the Court can take it lightly. It really just cannot.

> \* \* \* \* \* \*

> I see no reason at all why the sentence that I have in mind should not be imposed. I can't imagine a worse rape or involuntary deviate sexual intercourse.

Albeit the court may have been aware of the complained-of information, we are not persuaded, from a reading of the entire sentencing record, that the court relied upon such information in entering the sentence it did upon appellant. This conclusion is reinforced by the court's denial of any such impact in its opinion dismissing appellant's fourth PCHA petition, wherein it wrote:

> Nevertheless, regardless of the [presentence] report, ... the sentences as imposed were fair and were based on justifiable reasons.

> \* \* \* \* \* \*

His [appellant's] conduct in the cases for which he was sent to prison warranted the sentences imposed. Any errors in the presentence report were certainly not of such nature as to have any effect on the sentences as given.

Thus, in light of the judge's express statement that the claimed errors in the presentence report had no "effect on the sentences as given", appellant's challenge to the order of the PCHA court falls short of its mark. *Cf. Commonwealth v. Brown*, 328 Pa.Super. 215, 220, 476 A.2d 969, 971 (1984) ("... in light of the trial judge's express statement that he looked exclusively to the evidence 'without any reference to any other question' dealing with appellant's arrest record in rendering his verdicts, appellant's claim cannot prevail. *See Commonwealth v. Guest*, 500 Pa. 393, 398, 456 A.2d 1345, 1348 (1983).").

Accordingly, finding that appellant's PCHA petition revolves around challenges to his sentence, our conclusion that no error was committed by the sentencing court renders meritless appellant's ineffectiveness of counsel claims and dispenses with the need to remand for either re-sentencing or an evidentiary hearing on his PCHA petition.

Order affirmed.

LIPEZ, J., concurs in the result.