## Commonwealth v. Weaver

*H. Stanley Rebert, district attorney,* for the commonwealth.
*R. Bruce Evanick,* for defendant.

ERB, *J.,* September 10, 1987 — Each of the defendants, on advice of their attorney, a public defender, has refused to have any discussion with the probation officer assigned to prepare the pre-sentence report. The issue in each case is identical; that is, we must determine whether criminal defendants, who have pleaded guilty or been found guilty after trial before a judge or jury, must cooperate through discussions with the probation officer who has been assigned to prepare the pre-sentence report. We will consider, therefore, these three mat-

ters in this opinion. The public defender's office's advice to their clients not to discuss matters related to criminal activity with the assigned probation officer is predicated upon their Fifth Amendment rights under the United States Constitution.

In *Roberts v. United States*, 445 U.S. 552 (1980), the United States Supreme Court adopted the proposition that the punishment should fit the offender and not merely the crime. Accordingly, the court, in the *Roberts* case, ruled that the broad inquiry which a sentencing judge may conduct is unlimited with regard to the kind of information he may consider or the source from which it may come.

When conducting such an inquiry, the sentencing judge must rely heavily upon the pre-sentence report prepared by the probation department. Time constraints prevent the sentencing judge from conducting an independent inquiry into the background of every defendant. The probation officer, therefore, does not assume a prosecutorial role but serves a judicial function. The probation officer is an agent of the sentencing judge for the purpose of preparing the pre-sentence report.

Defendant is an important source of information for this report. The American Bar Association's Standards on Sentencing Alternatives and Procedures recognizes that most pre-sentence reports depend largely on information acquired from defendant and subsequently verified by an independent investigation. Standards for Sentencing Alternatives and Procedures §4.2(b), commentary at 209.

As the Pennsylvania Supreme Court noted, in *Commonwealth v. Travaglia*, 502 Pa. 474, 499, 467 A.2d 288 (1963), cert. denied 467 U.S. 1256 (1964), reh'g denied 468 U.S. 1226 (1984):

". . . the privilege against self-incrimination in its pure form has no direct application to a determina-

tion of the proper sentence to be imposed; the purpose of the prosecutor is not to 'incriminate,' and the goal of the guilty defendant is not to avoid 'incrimination.' Likewise, the presumption of innocence which accompanies the accused throughout proceedings to determine his guilt has no direct application to the sentencing determination."

The *Travaglia* court reasoned that, by the time the proceedings reach the sentencing stage, the presumption of innocence has been overcome beyond a reasonable doubt without infringing upon defendant's Fifth Amendment rights.

Notwithstanding the *Travaglia* decision, the Pennsylvania Superior Court, in *Commonwealth v. Allen,* 340 Pa. Super. 189, 202,, 489 A.2d 906 (1985), stated that "a defendant's Fifth Amendment right may be burdened indirectly where he is compelled to divulge information about his prior arrest record that could incriminate him for crimes for which he had neither been charged nor convicted." However, the court in the *Allen* case recognized that any burden on the Fifth Amendment right arises only from the manner in which such information is used.

The court in the *Allen* case expressly enumerated two specific limitations on the use of the information. First, although the sentencing court can consider all prior arrests whatever the disposition of the case, the sentencing court cannot treat these prior arrests as convictions or give them undue weight. Id. at 199-200. Second, the sentencing court should grant defendant immunity from the commonwealth's use of his answers in the event of retrial. This grant of immunity is particularly important when defendant's statements "disclose facts which would in themselves establish guilt or constitute an

essential link in the chain of evidence by which guilt can be established." Id. at 202.

In *Commonwealth v. Constantine.* 329 Pa. Super. 212, 478 A.2d 39 (1984), the Superior Court set forth another limitation on the use of information obtained during a pre-sentence investigation. The court, citing *Bertrand v. United States,* 467 F.2d 901 (5th Cir., 1972), held that it is improper to consider a Fifth Amendment refusal to answer questions concerning crimes not charged as an aggravating factor in sentencing.

Furthermore, "the pre-sentence investigation is not a situation where legal rights must be preserved or lost." *Commonwealth v. Burton,* 451 Pa. 12, 14, 301 A.2d 675 (1973). Therefore, defendant has no right to counsel nor to *Miranda* warnings at this stage of the proceedings. Id. at 14-15. With regard to the right to counsel, the Supreme Court found that "[t]he defendant is adequately protected from any possible prejudicial inferences in the [pre-sentence] report [because] counsel has a right to examine the report before sentencing [and] can offer evidence in rebuttal." Id. at 15. The Supreme Court, found that *Miranda* warnings are not required at the pre-sentence interview because "the issue of guilt is no longer a consideration." Id. at 15.

The Supreme Court also noted that the pre-sentence interview "is designed to help the sentencing judge impose a fair and just sentence. When viewed in the proper light, the pre-sentence interview is a stage that is designed to aid the defendant, rather than hurt him." Id. at 15. Thus, contrary to the contention of the public defender's office, the information obtained during the pre-sentence interview is not necessarily used to enhance the punishment of defendant.

The public defender's office specifically argues that harsher sentences are imposed on defendants who acknowledge drug or alcohol problems; however, the probation department's questions concerning substance abuse are directed primarily at determining the rehabilitative needs of defendant. This is an appropriate consideration for the sentencing court. In *Commonwealth v. Peters*, 358 Pa. Super. 94, 516 A.2d 1197 (1986), the Superior Court held that the sentencing court must consider the history, character, condition and rehabilitative needs of defendant.

Moreover, a defendant's refusal to grant a presentence interview may preclude the discovery of mitigating factors which would otherwise serve to reduce his sentence. In these instances, the sentence imposed is likely to be in the standard or aggravated range rather than the mitigated range. As a result, defendant may be inadvertently penalized for his silence even when the sentencing court does not view it as an aggravating factor.

In conclusion, it is clear that defendant's constitutional rights, in the main, are not violated by requiring defendant to cooperate during the pre-sentence investigation.

Defendant has no right to counsel nor to *Miranda* warnings. Defendant cannot refuse to discuss his family and employment history or his use of alcohol and illicit drugs. Defendant must also discuss his prior arrest record, although the use of this information is limited by the ruling of the Superior Court in *Commonwealth v. Allen*. Finally, defendant need not discuss crimes for which he has never been arrested and his silence in this regard cannot be used against him.

Accordingly, we enter the following

## ORDER

And now, this September 10, 1987, it is hereby ordered that each of the defendants must speak with his assigned probation officer regarding his family and employment history, his use of alcohol and illicit drugs, and his prior arrest record. Defendants need not discuss crimes for which they have never been arrested.