**Commonwealth v. Balsavage**

*Kelly Kline, assistant district attorney,* for Commonwealth.

*Osmer S. Deming,* for defendant.

LIEBERMAN, *J.,* August 11, 2009—On May 23, 2005, the defendant entered guilty pleas to eight counts of sexual abuse of children. At the guilty plea hearing the defendant admitted to taking pornographic pictures of his ex-girlfriend's 2-year-old son. The photographs, which were taken with an instant camera for the purpose of the defendant's sexual stimulation, depicted the child's genitals, and in some of the pictures, a hand could be seen demonstrating that the defendant was posing the child. After the photos were discovered, the defendant admitted, "They're my pictures. I whack off to them." (N.T. guilty plea hearing, 5/23/05 at 3-4.) On September 13, 2005, the defendant was sentenced by the Honorable Jeffrey K. Sprecher to a term of nine to 23 months of incarceration, followed by seven years of probation.

The defendant failed miserably in his attempts to comply with the terms of his probation; and as a result, a warrant was issued for his arrest on April 7, 2006. A Gagnon II hearing was held on May 31, 2007, and the defendant was subsequently sentenced to a term of three

and one-half to seven years of incarceration, followed by 42 years of probation. The defendant then filed an appeal with the Pennsylvania Superior Court, which affirmed his judgment of sentence on March 12, 2008. The defendant did not seek review in the Pennsylvania Supreme Court. Thereafter, on August 8, 2008, the defendant timely filed a pro se petition pursuant to the Post Conviction Relief Act. Osmer S. Deming, Esquire, was appointed to represent the defendant, and on April 7, 2009, Attorney Deming filed an amended petition alleging that the defendant was denied his right to allocution during the May 31, 2007 sentencing hearing. After thorough consideration of the record, this court agreed and therefore granted the defendant's amended petition.

On May 27, 2009, the defendant appeared before this court for resentencing. After speaking on his own behalf at the hearing, the defendant also answered a number of questions posed to him. Based upon what transpired at the sentencing hearing, the defendant was sentenced to an aggregate term of 24 1/2 to 49 years of incarceration in a state correctional facility. Subsequently, the defendant filed a post-sentence motion on May 29, 2009, which was denied on June 15, 2009. Then, on June 18, 2009, the defendant filed a notice of appeal to the Pennsylvania Superior Court. On June 22, 2009, this court directed the defendant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The defendant complied with this court's order on July 8, 2009. In his appeal, the defendant alleges the following errors:

"(1) Did the trial court error [sic] in punishing the defendant because the defendant asked for a re-sentenc-

ing to exercise his right of allocution under Pa.R.Crim.P. 708(c)(1)?

"(2) Did the trial court violate the defendant's due process rights by basing the increase in sentence on the fact that the defendant had previously filed appeals of the trial court's previous decisions?

"(3) Did the trial court violate the defendant's rights against self-incrimination by cross-examining the defendant after the defendant exercised his right to allocution and using admissions gained in this cross-examination as a basis for increasing the defendant's sentence?

"(4) Did the trial court violate the defendant's rights by concluding that there was new information available at the May 27, 2009 resentencing when such information was previously of record and testified to by witnesses at the May 31, 2007 Gagnon II hearing?" (Concise statement of errors complained of on appeal, July 8, 2009.)

## SENTENCING

Three of the issues raised by the defendant are related to sentencing and can properly be summarized as claims of excessiveness of sentence. "Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Walls,* 592 Pa. 557, 564, 926 A.2d 957, 961 (2007). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill will, or such lack of support as to be clearly errone-

ous." *Id.* "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is 'in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.'" *Id.* at 565, 926 A.2d at 961. Furthermore, "[t]he general rule in Pennsylvania is that in imposing a sentence, the court has [the] discretion to determine whether to make it concurrent with or consecutive [with] other sentences then being imposed . . . ." *Commonwealth v. Graham,* 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995).

42 Pa.C.S. §9721(b), which governs the standard to be applied at sentencing, provides that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." In the instant case, after thoroughly considering a pre-sentence investigation report, the sentencing guidelines, and other factors of record, this court sentenced the defendant to a term of incarceration that it believes best complies with the aforementioned principle.

Specifically, the defendant admitted to masturbating while looking at parenting magazines and watching child-birthing films. The defendant also stated that there have been 13 total victims of his abuse, both male and female, and that 10 of the children were 5 years of age or younger at the time of the offenses, with the youngest being 1 year old. The sexual contact included fondling

the genitals, digital penetration, performing and receiving oral sex, exposing the victims to pornography, manufacturing pornography and vaginal intercourse. The defendant admitted that he refused to cooperate with the Sexual Offender Assessment Board after initially pleading guilty, and also admitted his predilection for masturbating while smelling used diapers, the technical terms for which are coprophilia and urophilia. Because the defendant only said that it was alleged that he once described a fantasy, inspired by the Amish schoolhouse murders, of breaking into a daycare facility, raping the children, and then killing them as well as himself, this court did not take that into consideration.

While it is true that much of this information was available at the defendant's May 31, 2007 sentencing hearing, this court was unable to question the defendant directly at that time concerning the allegations. Given the defendant's admissions, his poor history of complying with treatment, his extremely high risk of recidivism, as well as the assessment that rehabilitation is not an option given the defendant's deviancies, this court concluded that nothing short of total incarceration for the maximum period of time permissible by law could ensure the safety of our society's most vulnerable members, namely infants and toddlers who have no way to cry out or protect themselves. There was no abuse of discretion.

## SELF-INCRIMINATION

Finally, the defendant alleges that this court violated his right against self-incrimination by "cross-examining"

him after he exercised his right to allocution. "The Fifth Amendment provides, in pertinent part, that no person 'shall be compelled in any criminal case to be a witness against himself.'" *Commonwealth v. Shrawder,* 940 A.2d 436, 440 (Pa. Super. 2007). This protection "applies not only at criminal trials, but in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate the defendant in future criminal proceedings." *Id.* However, the Pennsylvania Superior Court has held that a defendant waives any right against self-incrimination at a sentencing hearing if, after conferring with an attorney, he supplies information "in the absence of judicial threat of contempt or threat of imposition of a harsher sentence for failing to cooperate." *Commonwealth v. Allen,* 340 Pa. Super. 189, 201, 489 A.2d 906, 912 (1985).

In the instant case, after consulting with competent counsel and with said counsel standing at his side, the defendant elected to testify on his own behalf at sentencing. The defendant then, in the complete absence of any threat, answered questions posed by this court concerning reports prepared during the course of his sex offender therapy that had been submitted to the probation and parole department. Accordingly, this allegation of error lacks merit.

For the aforementioned reasons, we respectfully request that the defendant's appeal be denied.