J-A17014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARMONTI WOMACK | : | |
| | : | |
| Appellant | : | No. 2744 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006811-2016

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.: **FILED NOVEMBER 07, 2019**

Armonti Womack appeals from the judgment of sentence imposed following his guilty plea conviction of possession of a firearm with an altered serial number, carrying a firearm without a license, and carrying a firearm in public in Philadelphia. Appellant challenges the discretionary aspect of his sentence, claiming that the court erred when it considered evidence of arrests for which he had not yet been tried, and abused its discretion in imposing an above the guidelines sentence without stating an adequate reason. We affirm.

On April 5, 2016, Philadelphia police officers Reuben Henry and Riccardo Hanton pulled over Appellant's SUV after watching it run through a stop sign. Upon approaching the vehicle, Officer Henry smelled a strong odor of marijuana, and so asked Appellant and his passenger to step out of the car. Once they were out of the car, Officer Hanton observed a handgun stuck in

between the driver's seat and the center console. The officers then placed Appellant under arrest.

On October 5, 2017, Appellant pleaded guilty to the aforementioned violations of the uniform firearms act. The trial court deferred sentencing while awaiting a presentence investigation report (PSI).

During sentencing on May 30, 2018, the parties agreed that the offense gravity score was ten, prior record score was zero, and therefore the guideline sentencing range was not less than twenty-two nor more than thirty-six months of incarceration. The parties also stated that they had the opportunity to review the PSI and mental health evaluation.

Defense counsel emphasized Appellant's parental support, that he held a job at the time of the arrest, he does not have a significant drug addiction problem, and he plans to go back to college where he hopes to play football. *See* N.T. Sentencing, 5/30/18, at 5-10. Counsel acknowledged Appellant's arrests that occurred subsequent to this case, both of which involved weapons.

The parties agreed that, while on bail in the instant matter, Appellant was arrested in New York in June 2017, for carrying a firearm in McDonalds in Times Square. He was placed on bail for the New York case and came back to Philadelphia. In November 2017, Appellant was arrested in Philadelphia for possession of a firearm, which officers recovered during a traffic stop. Appellant was subsequently arrested for pointing a gun and shooting it at his

ex-girlfriend, after ballistics testing matched the traffic stop weapon to a bullet fragment found in her apartment.

The court then found that the sentencing guidelines "significantly underrepresent [Appellant's] inclination to commit violent crimes and/or carry firearms," and that "his persistence in carrying firearms is unrelenting even while on bail, which shows a defiance of authority that indicates very clearly that there's a need to protect society" from Appellant. *Id.* at 18. The court sentenced Appellant to not less than five nor more than ten years of incarceration, concurrent on each count, followed by five years of probation. The court denied Appellant's timely post-sentence motions, and this timely appeal followed.

Appellant raises two issues on appeal.

1. [Whether] the [sentencing] court err[ed] when it treated Appellant's open charges as proof of criminal conduct?

2. [Whether] the [sentencing] court err[ed] in sentencing Appellant to an above-guidelines sentence without adequately addressing its reasons for departing from the guidelines on the record?

Appellant's Brief, at 3.

Appellant concedes both of his arguments raise challenges to the discretionary aspect of his sentence. *See id.* at 10. Challenges to the discretionary aspects of a sentence do not entitle an appellant to review as a matter of right. Rather, an appellant must comply with the following requirements before this court can address such a challenge.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted).

In the instant case, Appellant preserved his issues by timely filing his notice of appeal and post-sentence motion. Furthermore, Appellant's brief includes a concise statement of reasons relied on for allowance of appeal pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, at 10-11. Therefore, we must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the sentencing code. *See Swope*, 123 A.3d at 337.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Further:

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 338 (quotation marks and citations omitted).

In his first issue, Appellant argues that the sentencing court relied on an improper factor at sentencing when it treated evidence of his arrests as proof of criminal conduct. *See* Appellant's Brief, at 12-15. Appellant contends

- 4 -

that this claim raises a substantial question because the court relied on an impermissible factor—treating his arrests as proof of criminal conduct—when it imposed sentence. *See id.* at 10. An allegation that the sentencing court relied upon impermissible factors raises a substantial question. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006). Accordingly, we will review Appellant's claim on the merits.

> Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

>> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (citation omitted).

When it imposes sentence, a court may consider prior arrests as long as it does not treat the arrests as convictions or give them undue weight. *See Commonwealth v. Allen*, 489 A.2d 906, 912 (Pa. Super. 1985). "This is because the sentencing judge must neither ignore the presumption of innocence nor regard defendant's prior arrest record as showing criminal conduct." *Id.* at 912 n.4 (citations omitted).

Here, the sentencing court considered Appellant's prior arrests in addition to the arguments of counsel, the presentence report, mental health

evaluation, sentencing guidelines, Appellant's criminal history as a whole, the particular circumstances of this case, and mitigating factors such as Appellant's acceptance of responsibility, personal history and family support. *See* N.T. Sentencing, 5/30/18, at 18-19. The court recognized that the arrest record referred to charges which had not been disposed of, stating: "while recognizing that [Appellant is] not guilty of the offenses charged in the new cases, any evidence available about that may and should be considered by me." *Id.* at 17.

We conclude that the sentencing court did not treat Appellant's arrests as convictions or give them undue weight. It appropriately recognized that while on bail in the instant matter, Appellant was arrested three times, all involving firearms. Accordingly, the sentencing court did not rely on an impermissible factor when imposing sentence. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that the sentencing court abused its discretion when it imposed an above guidelines sentence without placing adequate reasons on the record. Specifically, he argues that the reasons put forth by the court to justify an above guidelines sentence were inadequate because they were based on Appellant's arrests without disposition. *See* Appellant's Brief, at 19-21. "Claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question." *Antidormi*, 84 A.3d at 759 (citations omitted). Accordingly, we review the merits of Appellant's claim.

- 6 -

In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, this requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Id.* at 760-61 (citations, quotation marks, brackets and ellipses omitted).

Here, in addition to considering the sentencing factors, the sentencing court explained its reasons for departing from the sentencing guidelines on the record, stating:

This court finds that the sentencing guidelines in this case significantly underrepresent the defendant's inclination to commit violent crimes and/or carry firearms. His persistence in carrying firearms is unrelenting even while on bail, which shows a defiance of authority that indicates very clearly that there's a need to protect society from this defendant.

This court also finds that the defendant's rehabilitative needs call for substantial confinement. He is not a candidate for

- 7 -

supervision at this time. This court finds that a state sentence might even serve to protect the defendant himself from whatever he's doing.

N.T. Sentencing, at 18-19 (unnecessary capitalization omitted).

We discern no abuse of discretion. The sentencing court had the benefit of a presentence investigation report, and heard extensive argument from both parties concerning Appellant's arrest record. As discussed, we conclude that the court appropriately considered the arrests as simply arrests, and did not treat them as convictions or give them undue weight. The sentencing court clearly stated its reasons for imposing an above guidelines sentence, which included such arrests, on the record at the time of sentencing. Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/19