J-S12040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RUSSELL L. FRANKENFIELD | : | |
| | : | |
| Appellant | : | No. 2541 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000507-2018

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

DISSENTING MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 26, 2022**

I respectfully dissent. My review of the certified record indicates that the claim upon which the Majority grants relief is waived. Furthermore, I find Appellant's remaining claims lack merit. Accordingly, I would affirm.

In the instant case, Appellant was charged with, *inter alia*, simple assault regarding a domestic incident on March 17, 2018, involving Appellant's girlfriend, Jodi Mihalik. In the affidavit of probable cause, Appellant was accused of physically injuring the victim and threatening her with a firearm. He was initially charged with recklessly endangering another person, terroristic threats, harassment, strangulation, and multiple counts of simple assault. Ultimately, Appellant entered an open guilty plea to one count simple assault in exchange for the Commonwealth dropping all other charges, not seeking a deadly weapon sentencing enhancement, and not pursuing a bar to Appellant's future gun ownership. *See* N.T. Guilty Plea, 7/6/21, at 6.

At sentencing, the following exchange took place:

[DEFENSE COUNSEL]: [Appellant] is here. We pled guilty, accepted responsibility to what he did back in July. I have the [sentencing guidelines]. Both [the Commonwealth] and I have reviewed it. It is calling for a standard range of [restorative sanctions] to [one month]. When this incident happened, [Appellant] was arrested and taken into custody for one day. Since this incident happened, there was no contact. The individual involved no longer lives in this area. [Appellant] has been compliant with all terms and conditions imposed upon him by the [c]ourt, by the District Attorney's [o]ffice as far as any conditions he's followed. There's been no incidents since that happened. We're asking the Court to impose that mitigated – that standard range sentence of restorative sanctions.

[Appellant] can address the Court but he is employed. He is a productive member of the community. This has been going on for a couple years now and we are finally giving closure to all parties involved.

N.T. Sentencing, 10/19/21, at 2-3. Then, the sentencing court confirmed that no presentence investigation report ("PSI") had been completed in this case and also verified that Appellant was not requesting one.[1]

Thereafter, the sentencing court provided Appellant with another opportunity to present persuasive arguments on his behalf:

THE COURT: What would you like to tell me, [c]ounsel?

[DEFENSE COUNSEL]: As I indicated, [Appellant] has pled guilty and accepted responsibility for his conduct. There's been no issues since the event happened. It's been along time coming. When we discussed this with the Commonwealth and certain conditions they wanted him to abide by, he did. He's adapted his ways, his behavior. He is employed. He contributes to society in that regard, Your Honor. He has no prior record. We – per my

---

[1] Different jurists presided over the plea and sentencing proceedings.

discussion with the Commonwealth, we are asking the [c]ourt to impose just restorative sanctions, a period of probation for what the [c]ourt believes is necessary and proper in this particular case.

*Id*. at 5-6. The court then questioned Appellant directly, who expressed remorse for his actions. *Id*. at 6. Finally, the court made its pronouncement:

THE COURT: All right. Very well. So we've reviewed the matter here and we understand that this had occurred some time ago. I know its been some time getting here. The [c]ourt's been concerned, I think, since the outset[,] since we reviewed this[,] of the nature of this offense and what had occurred here and so[,] understanding that[,] the gravity of the offense and the impact on the life of the victim as relayed here in the affidavit, sir, I'm going to sentence you as follows:

First of all, I'm going to direct that you pay the costs of prosecution. I'm going to direct that you undergo a period of incarceration in the Carbon County Correctional Facility of not less than 1 month nor more than 1 day less 24 months.

*Id*. at 7. Appellant orally requested the court to reconsider and impose a period of probation. The court denied the request. At no point during this proceeding did Appellant assert that the court had not provided adequate reasons for the sentence imposed. *See* 42 Pa.C.S. § 9721(b) ("[T]he court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.").

On October 21, 2021, Appellant filed a timely post-sentence motion requesting reconsideration on the sole grounds that the sentence was "unduly harsh." Post-Sentence Motion, 10/21/21, at ¶ 9 ("[Appellant] believes that the minimum sentence imposed [in] this case was unduly harsh and requests [the trial court] to consider . . . the rehabilitative needs of [Appellant] and the

needs for the protection of the public[.]"). Nowhere in this filing did Appellant allege that the trial court had not complied with § 9721(b). The trial court held a hearing on Appellant's post-sentence motion, after which it entered an order modifying the original sentence by permitting Appellant to serve his term of incarceration on "consecutive weekends beginning at 6:00 p.m. on Fridays through 6:00 p.m. on Sundays." Order, 11/18/21, at ¶ 2.

On December 10, 2021, Appellant filed a timely notice of appeal from the order granting partial reconsideration. The trial court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely statement raising the following issues:

> 1. Whether the [t]rial [c]ourt abused its discretion in sentencing [Appellant] to a period of incarceration with said sentence being on the high end of the standard sentencing guidelines for the charge of [s]imple [a]ssault. [Appellant's] prior record score was zero (0) with the offense of [s]imple [a]ssault carry an offense gravity score of three (3), which pursuant to the Pennsylvania State Sentencing Timetable set a standard range of RS – 1 month.
>
> 2. [Appellant] alleges the trial court erred in making reference to the [p]robable [c]ause [a]ffidavit as a basis for imposing the sentence when [Appellant] did not plead guilty to all of the facts in the [p]robable [c]ause [a]ffidavit. To the contrary, [Appellant] pled] only to the fact that he "attempted to cause, or intentionally, knowingly or recklessly cause bodily injury to another, that being Jodi Mihalik.
>
> 3. In sentencing [Appellant], the trial court made reference to alleged factual events that have not been proven or admitted to by [Appellant] in the [g]uilty [p]lea [c]olloquy.

Rule 1925(b) Statement, 12/23/21, at 1-2. Once more, Appellant did not advance any claim concerning the trial court's compliance with § 9721(b).

Appellant has raised the same three issues for our consideration:

I.    Whether the trial court abused its discretion in sentencing [Appellant] to a period of incarceration with said sentence being in the high end of the standard sentencing guidelines for the charge of [s]imple [a]ssault.

II.    Whether the trial court erred in making reference to the probable cause affidavit as a basis for imposing the sentence where [Appellant] did not plead guilty to all the facts in the probable cause affidavit.

III.    Whether the trial court erred in making reference to the alleged factual events that may have not been proven or admitted to by [Appellant] in the guilty plea colloquy.[2]

Appellant's brief at 1.

For the first time in the argument section of his brief, however, Appellant attempts to reimagine his first claim for relief as an allegation that the trial court "issued its sentence without discussing the factors set forth in the Sentencing Code." Appellant's brief at 5. As noted above, this claim arises under § 9721(b), which provides that a criminal sentence must be consistent

---

[2]   Appellant did not include this issue in his brief's statement of questions presented, which violates the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Additionally, the argument section of Appellant's brief is deficient in that it is not divided "into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Instead, Appellant's brief collectively discusses his claims in a disorganized fashion that is difficult to parse. *See* Appellant's brief at 6-10. To my mind, this lack of organization has contributed to the Majority's granting of relief upon an unraised matter in this appeal. This Court has the authority to quash an appeal or find certain issues waived under these circumstances, *i.e.*, when defects in the brief impede our review of the questions posed. *See **In re Interest of R.D.***, 44 A.3d 657, 674 (Pa.Super. 2012).

with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). To that end, the trial court must "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id*. This claim implicates the discretionary aspects of Appellant's criminal sentence. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa.Super. 1999). As such, Appellant must preserve this issue by raising a contemporaneous objection at sentencing or filing a post-sentence motion. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings."). Absent such efforts, a discretionary objection is waived. *Id*.

The Majority cursorily treats this issue as properly preserved and proceeds to grant relief. As noted at length above, however, Appellant never advanced any claim at the sentencing hearing or in his post-sentence motion that the trial court had not complied with § 9721(b). Rather, Appellant asserted only that his sentence was excessive. Since Appellant has improperly revised his first claim on appeal, I would find the issue waived on this ground, alone. *See Commonwealth v. Reeves*, 778 A.2d 691, 692 (Pa.Super. 2001) (holding that a defendant waived claim concerning the "sentencing court's alleged failure to state the reasons for [the defendant's] sentence on the

record" by not raising the issue in the trial court); *see also* Pa.R.A.P. 302(a).

Furthermore, Appellant did not include this issue in his concise statement

pursuant to Rule 1925(b). Such an oversight also results in mandatory

waiver. *See* Pa.R.A.P. 1925(b)(4)(vii) (providing issues not raised in a concise

statement of errors are waived). I cannot concur in the Majority's granting of

relief upon the merits of a thoroughly waived claim.[3]

_____

[3] Even if this claim were not waived, I would find it to be meritless. To comply with § 9721(b), a sentencing court must "state adequate reasons for the imposition of sentence on the record in open court." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014). However, a sentencing court "is not required to parrot the words of the Sentencing Court, stating every factor that must be considered under Section 9721(b)." ***Commonwealth v. Coulverson***, 34 A.3d 135, 145 (Pa.Super. 2011). Rather, the threshold for compliance with § 9721(b) requires only that "the record **as a whole** reflect due consideration by the court of the statutory considerations enunciated in that section." ***Id***. (emphasis added). Respectfully, I believe that both the trial court and the Majority have failed to view the entirety of the record in rendering its merits-based assessment.

Reviewing the transcript of the sentencing hearing reproduced above, it is beyond cavil that the trial court was fully informed regarding Appellant's lack of a prior criminal record, his gainful employment, and his remorse for his actions. *See* N.T. Sentencing, 10/19/21, at 2-6. Indeed, this information was provided to the trial court in the moments immediately prior to the imposition of sentence, such that it was fresh and forefront in the jurist's mind. While the trial court did not "parrot" the factors regarding Appellant's background, the entirety of the record speaks definitively that this information was provided to, and considered by, the trial court. To hold otherwise would transgress our existing case law. ***Cf. Coulverson***, ***supra*** at 145.

Furthermore, while no PSI was prepared prior to sentencing, our case law provides that "[a] sentencing judge must either order a [PSI] or conduct sufficient presentence inquiry such that, at a minimum, the court is **apprised** of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background."
*(Footnote Continued Next Page)*

The Majority understandably does not engage with Appellant's remaining claims. Due to the nature of my dissent, I will address them. Although stated separately, I discern that these remaining allegations essentially raise the same argument, namely, that the sentencing court relied upon inappropriate information. Thus, I will consider them collectively.

In pertinent part, Appellant alleges that the trial court "relied solely upon facts and allegations not contained in the guilty plea colloquy and instead focused on the criminal affidavit[.]" Appellant's brief at 9. This claim also implicates the discretionary aspects of Appellant's sentence. *See* ***Commonwealth v. Archer***, 722 A.2d 203, 210 (Pa.Super. 1998) (*en banc*) ("[I]f a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal."). Unlike Appellant's first issue, however, this specific claim **was** properly raised in Appellant's post-sentence motion and his concise statement of errors. *See* Post-Sentence Motion, 10/21/21, at ¶ 9(f); Rule 1925(b) Statement, 12/23/21, at ¶¶ 2-3. Furthermore, I note that Appellant

---

***Commonwealth v. Luketic***, 162 A.3d 1149, 1161 (Pa.Super. 2017) (emphasis added). To my mind, the sentencing judge in this matter did precisely what was required by providing Appellant with multiple opportunities to share his background with the court prior to the imposition of sentence. Moreover, the sentencing court also evinced solicitude for Appellant's personal circumstances by modifying its original sentence to permit Appellant to serve his modest period of incarceration on successive weekends. Read as a whole, I find no basis to conclude that the trial court did not consider Appellant's personal characteristics or rehabilitative needs in imposing its sentence.

filed a timely appeal and included a concise statement in his brief pursuant to Pa.R.A.P. 2119(f). Finally, this claim raises a substantial question. **See Commonwealth v. Downing**, 990 A.2d 788, 792 (Pa.Super. 2010). Accordingly, I will address its merits.

Our standard of review in this context is well-established:

The proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa.Super. 2010).

As a general matter, "[t]here is no reason to prohibit the sentencing court from taking into consideration the facts of the crime and how those facts supported a potentially more serious sentence when the court is weighing whether to impose a standard or mitigated sentence." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009). In exercising this discretion, the trial court must rely upon "full and accurate information." **Commonwealth v. Maxwell**, 421 A.2d 699, 703 (Pa.Super. 1980). Indeed,

"[p]recisely because of the wide latitude afforded sentencing courts and because we recognize the court's ability to arrive at a balanced judgment when possessed of all the facts, it becomes imperative that the facts relied upon by the sentencing court be accurate." **Commonwealth v. Medley**, 725 A.2d 1225, 1229 (Pa.Super. 1999). Thus, it is improper for a court to sentence pursuant to facts *de hors* the record. **See Commonwealth v. Griffin**, 804 A.2d 1, 17 (Pa.Super. 2002) (cleaned up). If a court relies upon such improper considerations, new sentencing is required. **See Commonwealth v. Cowan**, 418 A.2d 753, 753 (Pa.Super. 1980).

Here, Appellant contends that the trial court relied upon facts in the affidavit of probable cause that did not form the basis of Appellant's guilty plea. While Appellant has declined to state with specificity what improper considerations the trial court allegedly relied upon, I discern that Appellant is referring to the aforementioned allegations in the affidavit of probable cause that Appellant menaced the victim with a firearm. **See** Affidavit of Probable Cause, 3/17/18, at ¶ 2 ("The victim also stated during the altercation the actor removed a black handgun . . . and held it to the left side of her head and threaten[ed] to kill her."). The trial court **did** refer to these allegations during Appellant's plea and sentencing proceedings. However, Appellant has grossly mischaracterized the nature of these discussions.

- 10 -

During the course of Appellant's guilty plea, the trial court referred to the allegations in the affidavit of probable cause in order to clarify the nature of the factual basis for Appellant's conviction:

> [THE COMMONWEALTH]: The Commonwealth is . . . not seeking a weapon enhancement on the charge, Your Honor.
>
> THE COURT: How is that, [counsel]?
>
> [THE COMMONWEALTH]: I'm sorry; what's that, Judge?
>
> THE COURT: I said, how is that? I mean, when I read the facts of the affidavit, it clearly appears that there was a deadly weapon used in the commission of this assault.
>
> [THE COMMONWEALTH]: Judge, we're basing this on Count 1, which is, as you indicated, an assault. I believe the affidavit states there was a physical altercation between the two. So the Commonwealth would be basing it on the physical assault minus the weapon that was allegedly used in the affidavit[.]
>
> . . . .
>
> I believe, Your Honor, there was indication that [Appellant] pulled her out of bed and began to choke her. Again, there is a basis for a physical assault minus a deadly weapon enhancement.
>
> . . . .
>
> THE COURT: All right. So the Commonwealth is not pursuing the assault with regard to any use of a handgun; is that accurate?
>
> [THE COMMONWEALTH]: That is accurate, Your Honor.

N.T. Guilty Plea, 7/6/21, at 6-8.

Consequently, the factual recitation offered by the Commonwealth as the basis for Appellant's plea included no mention of his use of a firearm:

> [THE COMMONWEALTH]: Officer Gulla was the affiant on this case. On March 17th of the year the incident occurred, he was on

duty. He was dispatching to a residence in his jurisdiction. He did interview the victim, who, as previously indicated, did show signs of injury. She stated she got in an altercation with [Appellant], who is before the [trial court] today.

At one point, that turned physical. The officer did notice injuries or markings consistent with her description of the [assault] on the victim.;

Ultimately, the officer did speak to [Appellant] who declined to comment further and requested a lawyer.

*Id*. at 11. Thereafter, the only other reference to the at-issue information occurred when the sentencing judge confirmed that the Commonwealth was **not** pursuing a sentencing enhancement related to Appellant's alleged possession of a firearm in this case. *See* N.T. Sentencing, 10/19/21, at 4-5.

My review of these transcripts indicate that the trial court did not rely upon improper information in crafting Appellant's sentence, but merely sought clarification regarding the precise factual basis being advanced by the Commonwealth. Furthermore, this Court has held that a "mere reference" to uncharged conduct by a sentencing court does not constitute an abuse of discretion. *See Commonwealth v. Miller*, 965 A.2d 276, 280 (Pa.Super. 2009). Thus, I find no abuse of discretion by the trial court.

Based on the foregoing, I would affirm Appellant's judgment of sentence. Therefore, I respectfully dissent.